United States District Court
Southern District of Texas
**ENTERED**
December 22, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| URSULA NICHOLE WILLIAMS, | § § | CIVIL ACTION NO. 4:20-cv-01900 |
| Plaintiff, | § § § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § § | |
| LAKEVIEW LOAN SERVICING LLC and LOANCARE LLC, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION
DENYING MOTION TO DISMISS**

The motion by Defendant LoanCare LLC to dismiss the claim against it for violation of the Texas Debt Collection Act is denied. Dkt 27.

1. Background

LoanCare is a "mortgage loan subservicer" that "performs servicing-related functions" for mortgages serviced by Defendant Lakeview Loan Servicing, LLC. Dkt 1 at ¶ 3. Plaintiff Ursula Nichole Williams holds a deed of trust that is insured by the Federal Housing Administration and serviced by Lakeview and LoanCare. Id at ¶ 11.

Williams alleges, "Defendants charge borrowers Pay-to-Pay Fees of up to $15.00 for payment over the telephone, up to $12.00 for IVR [interactive voice response] payment and up to $10.00 for online payment." Id at ¶ 12. She argues that because her deed of trust is insured by the FHA, Lakeview and LoanCare "are bound by the rules and regulations of the Secretary of Housing and Urban Development." Id at ¶ 5. And she claims that

neither her deed of trust nor HUD rules and regulations authorize the fees charged by LoanCare. Id at ¶¶ 63–64.

Williams brings class allegations against Lakeview and LoanCare, asserting a claim under the Texas Debt Collection Act regarding these fees. Id at ¶¶ 24–31, 60–63, 81–86. She also asserts claims against both for breach of contract. Id at ¶¶ 32–55, 87–93.

Lakeview answered, claiming it was sued in error. Dkt 25. For its part, LoanCare moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 27. Williams voluntarily dismissed her breach of contract claim against LoanCare, leaving only the claim under the TDCA. Dkt 35. The Court heard argument at an initial conference in October 2020.

2. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

2

unlawfully." *Iqbal*, 556 US at 678, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker*, 938 F3d at 735 (citations omitted). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citations omitted).

    3. Analysis

The Texas Debt Collection Act is part of the Texas Finance Code. Its essential purpose "is to limit coercive and abusive behavior by all those seeking to collect debts . . . ." *Barzelis v Flagstar Bank, FSB*, 784 F3d 971, 977 (5th Cir 2015).

Section 392.303(a)(2) of the Texas Finance Code prohibits debt collectors from using *unfair or unconscionable means* that employ several enumerated practices, including that of "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer."

The allegations by Williams are like those by plaintiffs in *Caldwell v Freedom Mortgage Corp*, 2020 WL 4747497 (ND Tex), *Barnett v Caliber Home Loans*, 2020 WL 5494414 (SD Tex), and *Dees v Nationstar Mortgage, LLC*, 2020 WL 6749036 (SD Tex). The district courts in each of those cases rejected motions to dismiss under Rule 12(b)(6). Williams has likewise sufficiently pleaded facts to support her argument that the fees charged by LoanCare violate the TDCA.

LoanCare presses for the opposite result, arguing that several independent reasons warrant dismissal.

*First,* LoanCare argues that Williams failed to allege her deed of trust is a *consumer debt* as that term is used in the TDCA because "three businesses list the Property as their business address." Dkt 27 at 14; see Texas Finance Code § 392.001(2). To the

3

contrary, Williams directly alleges that the property is her residence. Dkt 1 at ¶¶ 56, 82. This sufficiently pleads the necessary factual allegation. See *Castillo v Deutsche Bank National Trust Co*, 2014 WL 279675, *3 & n 2 (WD Tex); see also *Hetherington v Allied International Credit Corp*, 2008 WL 2838264, *4 (SD Tex) (whether bank account was used primarily for personal or commercial purposes is fact question for jury). LoanCare isn't entitled to introduce facts extraneous to the complaint at this procedural juncture. *Dees*, 2020 WL 6749036 at *3; see also *Brand Coupon Network*, 748 F3d at 635 (citation omitted).

*Second,* LoanCare argues that Williams doesn't allege that it *collected or attempted to collect* any fee from her and that she doesn't allege that it used any *unfair or unconscionable means* to collect, as those terms are used in § 392.303(a)(2). Dkt 27 at 18–19. But this ignores several of her pleaded allegations. For instance, Williams alleges that she "makes loan payments online and over the phone, and each time she does so, Defendants collect from her a Pay-to-Pay fee." Dkt 1 at ¶ 60. She also alleges that "Defendants have collected . . . no less than $444.00 in illegal Pay-to-Pay fees" from her. Id at ¶ 22. And she alleges that the fees weren't expressly authorized "by the Secretary or otherwise by the deed of trust." Id at ¶ 64. This sufficiently identifies the exact means by which LoanCare collected an allegedly unauthorized fee incidental to her deed of trust. See *Barnett*, 2020 WL 5494414 at *3–4.

*Third,* LoanCare argues that the fees it charged Williams were optional fees for services that she requested and chose to purchase, so they weren't *incidental to* her underlying debt, as that term is used in § 392.303(a)(2). Dkt 27 at 19–20. The omitted-case canon instructs, "Nothing is to be added to what the text states or reasonably implies (*casus omissus pro omisso habendus est*). That is, a matter not covered is to be treated as not covered." Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (West 2012). The plain text of the TDCA "provides no protection for lenders merely because their collection of a fee was dependent upon a borrower's selection of the lender's fee-based payment method." *Caldwell*, 2020 WL 4747497 at *4; see also *Barnett*, 2020 WL 5494414 at *3 (SD Tex) (collecting cases).

4

*Fourth,* LoanCare argues that the claim fails because its fees are *legally chargeable to* her or *expressly authorized by* her agreement, as those terms are used in § 392.303(a)(2). Dkt 27 at 20. Williams asserts that the FHA insures her deed of trust, and that the HUD rules and regulations incorporated into her deed don't authorize the fees charged by LoanCare. Dkt 1 at ¶¶ 5–11, 64. LoanCare doesn't cite any HUD regulation or deed provision that expressly authorizes the fees it charged Williams—a glaring omission if such authorization exists. See *Caldwell*, 2020 WL 4747497 at \*4. LoanCare instead argues that it wasn't the deed of trust that created her "'obligations' to pay fees," but rather, it was her "point-of-sale/service agreements" that did so. Dkt 38 at 12–13; see also Dkt 27 at 23–24. This again introduces defensive matters beyond the face of complaint, thus presenting "questions of fact that are better suited in a motion for summary judgment." See *Dees*, 2020 WL 6749036, at \*3.

LoanCare cites numerous cases from other jurisdictions that found different service fees to be *legally chargeable* despite not being expressly authorized. Dkt 27 at 20–22. But these cases weren't decided by reference to the TDCA. And most were decided with reference to quote and fax fees, which differ in kind from the pay-to-pay fees at issue here. For example, see *Cappellini v Mellon Mortgage Co*, 991 F Supp 31, 39–40 (D Mass 1997) (Massachusetts law, fax fees); *Davis v Homecomings Finance*, 2006 WL 2927701, \*2–3 (WD Wash) (Washington law, fax fees); *Chatman v Fairbanks Capital Corp*, 2002 WL 1338492, \*3 (ND Ill) (Illinois law, property-preservation fees); *Jerik v Columbia National, Inc*, 1999 WL 1267702, \*1 (ND Ill) (Illinois and Maryland law, quote and fax fees); *Beyer v Countrywide Home Loans Servicing LP*, 2008 WL 1791506, \*5 (WD Wash) (Washington law, expedited service fees), aff'd, 359 F Appx 701 (9th Cir 2009).

In the absence of any authority finding that the fees at issue here are *legally chargeable* under the TDCA, Williams sufficiently pleads (at this stage) that the fees LoanCare charged her weren't expressly authorized by her deed of trust or otherwise legally chargeable. See *Dees*, 2020 WL 6749036 at \*3.

*Fifth,* LoanCare presents an argument that doesn't appear to have been reached by the other federal courts that have recently

5

addressed pay-to-pay fees in the TDCA context. It argues that the "TDCA only applies to debt collection and [Williams] only alleges loan servicing." Dkt 27 at 12. The argument collides in several respects with the plain text of the TDCA.

The TDCA broadly defines *consumer debt* as "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." Texas Finance Code § 392.001(2). It then defines *debt collection* as any "action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Texas Finance Code § 392.001(5). Williams pleads that LoanCare collected payments due on her debt, and that it violated the TDCA by charging her unauthorized fees for making payments on her debt. See Dkt 1 ¶¶ 22, 60–68; see also *Dees*, 2020 WL 6749036 at *2. That is sufficient at this stage.

To argue contrary, LoanCare asserts that the TDCA should be considered identically to the federal Fair Debt Collection Practices Act. It's true that Texas courts "often interpret the TDCA in accordance with the FDCPA." *Caldwell*, 2020 WL 4747497 at *3 n 4. But distinctions between the TDCA and the FDCPA cannot be ignored. For instance, LoanCare cites *Miller v BAC Home Loans Servicing, LP*, 726 F3d 717, 722–23 (5th Cir 2013), asserting that the "Fifth Circuit recognizes [loan] servicers may act as 'debt collectors' but not all loan-servicer conduct is 'debt collection.'" Dkt 27 at 16. But the argument itself acknowledges that loan servicers may in some contexts act as debt collectors engaging in debt collection. See id at 16–17. And the Fifth Circuit in *Miller* observed that the definition of *debt collector* under the TDCA is stated more broadly than that in the FDCPA. 726 F3d at 722 (citation omitted).

This argument that *loan servicing* by its very nature isn't *debt collection* under the TDCA is also undermined by the structure of the TDCA and internal references within it. The next section of the TDCA generally provides that "in debt collection," a debt collector may not deceptively fail to disclose the name of the person to whom the debt has been assigned or is owed when making a demand for money. Texas Finance Code § 392.304(a), (a)(4). A further subsection within § 392.304 then exempts "a

6

person *servicing* or collecting real property first lien mortgage loans or credit card debts" from liability under § 392.304(a)(4). Texas Finance Code § 392.304(b) (emphasis added). No such exemption appears in § 392.303. Statutory construction "is a holistic endeavor." *United Savings Association of Texas v Timbers of Inwood Forest Associates, Ltd*, 484 US 365, 371 (1988). The related-statutes cannon states, "Any word or phrase that comes before a court for interpretation is part of a whole statute, and its meaning is therefore affected by other provisions of the same statute." Scalia and Garner, *Reading Law: The Interpretation of Legal Texts* at 252. The Texas Legislature knows how to exempt mortgage loan services when that is its intent. That intention is lacking as to § 392.303.

LoanCare also cites *Kaltenbach v Richards*, arguing that the determination whether conduct is *debt collection* under the FDCPA is a separate inquiry from that of whether a party is a *debt collector*. Dkt 27 at 16, citing 464 F3d 524, 529 (5th Cir 2006). In other words, LoanCare argues that it may collect a debt without being a debt collector and thereby avoid liability for any violation of § 392.303. But as already noted, the Texas Legislature specifically exempted mortgage loan servicers from liability under § 392.304(b) of the TDCA. Mortgage loan servicers wouldn't need an exemption from a statute that holds debt collectors liable if they couldn't in some circumstances be debt collectors. The Fifth Circuit has held in other respects that "mortgage servicers and assignees are debt collectors, and therefore are covered, under the TDCA." *Miller*, 726 F3d at 723, citing *Perry v Stewart Title Co*, 756 F2d 1197, 1208 (5th Cir 1985). Other courts have adopted that same understanding. *Lamell v OneWest Bank, FSB, LP*, 485 SW3d 53, 62–63 (Tex App—Houston [14th Dist] 2015, pet denied); *Byrd v Lakeview Loan Servicing*, 2020 WL 1529965, *6 (WD Tex).

*Sixth*, LoanCare argues Williams "cannot allege debt collection because her loan was not in default so as to trigger a right to collection." Dkt 27 at 12, 15–17. The omitted-case cannon is again instructive. "To supply omissions transcends the judicial function." Scalia and Garner, *Reading Law: The Interpretation of Legal Texts* at 94, citing *Iselin v United States*, 270 US

245, 251 (1926). The definitions of *consumer debt* and *debt collection* are already quoted above. See Texas Finance Code §§ 392.001(2), 392.001(5). Neither refer to *default*. And there is no textual reference to the term in § 392.303(a)(2). But the requirement of *default* does appear in other contexts. Indeed, the very next subsection states, "Notwithstanding Subsection (a)(2), a creditor may charge a reasonable reinstatement fee as consideration for renewal of a real property loan or contract of sale, *after default*, if the additional fee is included in a written contract executed at the time of renewal." Texas Finance Code § 392.303(b) (emphasis added); see also Texas Finance Code § 347.352 (referring to acceleration of amounts in default).

This leaves no room for the textual construction requested by LoanCare. To the extent it snip-cites certain cases, none specifically considered this issue or went nearly so far as to state that delinquency is a prerequisite to allegation of a TDCA claim. See Dkt 27 at 16, citing *Brown v Oaklawn Bank*, 718 SW2d 678, 680 (Tex 1986); *Thompson v Bank of America NA*, 783 F3d 1022, 1026–27 (5th Cir 2015); and *Langlois v Wells Fargo Bank NA*, 581 Fed Appx 421, 427–28 (5th Cir 2014).

*Seventh*, LoanCare argues that the voluntary-payment doctrine prevents the instant TDCA claim from going forward. Dkt 27 at 27; Dkt 38 at 13–14. But again, as a defensive matter, that doctrine "involves factual issues that are inappropriate for resolution in a Rule 12(b)(6) context." *Caldwell*, 2020 WL 4747497 at *4.

### 4. Conclusion

The objections and arguments by LoanCare may well succeed at the summary judgment stage. But they are inadequate grounds for dismissal solely on the pleadings.

The motion to dismiss by Defendant LoanCare LLC is DENIED. Dkt 27.

SO ORDERED.

Signed on December 22, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge