United States District Court
Southern District of Texas
**ENTERED**
September 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URSULA N. WILLIAMS, *et al*, | § § § § § | CIVIL ACTION NO 4:20-cv-01900 |
| Plaintiffs, | | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| LAKEVIEW LOAN SERVICING LLC and LOANCARE,LLC, | § § § § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Williams initiated this class action lawsuit against Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC in May 2020, asserting that collection of pay-to-pay fees by Defendants violates the Texas Debt Collection Act (TDCA). Dkt 1. The matter was referred for pretrial management to Magistrate Judge Christina A. Bryan. Dkt 92.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan on the parties' Cross-Motions for Summary Judgment. Dkt 125. She recommends denying the motion by Defendants and granting the motion by Plaintiffs, thus resolving certain issues as a matter of law and deferring resolution of other issues for trial or other future proceedings.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other

portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Defendants purported to file twenty-four distinct objections, cramming them into twenty-five pages that largely reiterate their original arguments. Dkt 129. To the contrary, Rule 72(b)(2) of the Federal Rules of Civil Procedure requires parties to file "specific written objections to the proposed findings and recommendations." By this standard, it isn't enough to dump a multifarious collection of issues on the district court with argument that says, essentially, "Here, you figure it out." But that, in the main, is all that's been done here.

Certain standards from the Fifth Circuit are clear in this regard. For instance, the findings and conclusions of the Magistrate Judge needn't be reiterated on review. See *Keotting v Thompson*, 995 F2d 37, 40 (5th Cir 1993). Likewise, objections that are frivolous, conclusory, or general in nature needn't be considered. See *Battle v United States Parole Commission*, 834 F2d 419, 421 (5th Cir. 1987); *United States v Ervin*, 2015 WL 13375626, at *2 (WD Tex), quoting *Arbor Hill Concerned Citizens Neighborhood Association v County of Albany*, 281 FSupp2d 436, 439 (NDNY 2003). And *de novo* review isn't invoked by simply re-urging arguments contained in the underlying motion. *Edmond v Collins*, 8 F3d 290, 293 n7 (5th Cir 1993); see also *Smith v Collins,* 964 F2d 483, 485 (5th Cir 1992) (finding no error in failure to consider objections because plaintiff "merely reurged the legal arguments he raised in his original petition"); *Williams v Woodhull Medical & Mental Health Center,* 891 F Supp 2d 301, 310–11 (EDNY 2012) (*de novo* review not warranted for conclusory or general objections or which merely reiterate original arguments).

Simply put, where the objecting party makes only conclusory or general objections, or simply reiterates its

2

original arguments, review of the memorandum and recommendation may permissibly be for clear error only. That's the situation here. Reasonable depth and explanation were needed to properly present any one of these issues, if *de novo* review was genuinely desired.

No clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

Even though that's all the review that was required, the Court has nevertheless also examined the objections *de novo* and finds that they lack merit for the reasons stated by the Magistrate Judge.

The objections by Defendants are OVERRULED. Dkt 129.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 125.

The motion for summary judgment by Defendants is DENIED. Dkt 102.

The motion for summary judgment by Plaintiffs is GRANTED. Dkt 104.

For the avoidance of doubt, the ruling in favor of Plaintiffs is without prejudice to consideration at the damages stage of whether (1) certain Plaintiffs are precluded from recovery due to loan modifications by PHH/Ocwen, on their own or through a settlement class, to expressly authorize the pay-to-pay fees; (2) certain Plaintiffs are precluded from recovery because they did not pay the pay-to-pay fee within the statute of limitations; and (3) certain Plaintiffs are precluded from recovery because they have filed bankruptcy.

SO ORDERED.

Signed on September 26, 2023, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

3