United States District Court
Southern District of Texas
**ENTERED**
February 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URSULA N. WILLIAMS, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:20-cv-01900 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| LAKEVIEW LOAN | § | |
| SERVICING LLC and | § | |
| LOANCARE LLC, | § | |
| Defendants. | § | |

ORDER DENYING
MOTION FOR RECONSIDERATION

The motion by Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC for reconsideration is denied. Dkt 134.

Plaintiff Ursula Williams initiated this class action lawsuit against Lakeview Loan Servicing and LoanCare, asserting that their collection of pay-to-pay fees violates the Texas Debt Collection Act. Dkt 1. The matter was referred for pretrial management to Magistrate Judge Christina A. Bryan. Dkt 92. In a Memorandum and Recommendation addressing the parties' cross-motions for summary judgment, she recommended denying the motion by Defendants and granting the motion by Plaintiffs. Dkt 125.

Defendants filed objections to the Memorandum and Recommendation pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure. Dkt 129. The filing consisted of twenty-four distinct objections, crammed into twenty-five pages. It was devoid of cogent argument and instead reiterated previous arguments—not by explaining or

clearly stating objections but by citing wide page ranges of various prior briefs.

These won't be cataloged in their entirety. But for example, Defendants:

- o Simply contended with citation, "The Court should sustain Defendants' evidentiary objections, ECF_109_Pg. 17–19."
- o Claimed that the Recommendation somehow misstated and didn't address their arguments, while identifying those arguments merely by citing page ranges at three different docket entries.
- o Asserted that the Recommendation "avoids Defendants' arguments," while simply citing to prior briefing at two different docket numbers.

See Dkt 129 at 11, 27, 34. And of note, Defendants also purported to raise new objections merely by broad reference to page numbers of the Recommendation or by other conclusory assertions—rather than providing any explanation of what actual holdings of the Recommendation should be reviewed *de novo* by the district court. For example, Defendants:

- o Objected to the "merits" considered in the Recommendation at page 5, without identifying the merits consideration to which they objected.
- o Stated without further explanation, "Injunctive relief is irrelevant to actual damages."
- o Stated without further explanation, "Defendants are entitled to *res judicata*. It's not a triable issue."

See id at 11, 31, 32.

The objections were overruled and the Memorandum and Recommendation of the Magistrate Judge was adopted. Dkt 130. Specifically noted was the conclusion that *de novo* review wasn't warranted with regard to this

2

multifarious collection of objections without reasonable depth or explanation. Id at 2–3. But even so, the Court proceeded to examine the objections *de novo*—to the extent that they were even susceptible of understanding—and determined they lacked merit. Id at 3.

Defendants now seek reconsideration of that order pursuant to Rule 54(b). Dkt 134. That rule provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A district court in this context is permitted "to reconsider and reverse its decision for any reason it deems sufficient." *McClendon v United States*, 892 F3d 775, 781 (5th Cir 2018), citing *Austin v Kroger Texas LP*, 864 F3d 326, 336 (5th Cir 2017).

Though the standard for evaluating a motion to reconsider under Rule 54(b) is flexible, factors similar to those under the stricter standards for reconsideration of a final judgment under Rules 59 and 60 may still inform the court's analysis. *Fishman Jackson PLLC v Israely*, 180 F Supp 3d 476, 481 (ND Tex 2016). Indeed, a district court may require the moving party to show that one of the factors required to grant relief under Rule 59(e) pertains, provided that the court recognizes that it has "the discretion to grant reconsideration even in the absence of any such showing." *United States v 89.9270303 Bitcoins*, 2021 WL 5203337, *1 (WD Tex) (citation omitted).

These factors include (i) intervening change in law, (ii) availability of previously unavailable new evidence, and (iii) a need to correct a clear legal error or to prevent manifest injustice. Ibid. None pertain here.

Defendants do insist that reconsideration should be given as to the finding that their objections to the Recommendation were insufficient to trigger *de novo* review. Precedent doesn't favor that request.

3

The Fifth Circuit is clear that "objections must *specifically* identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v Wainwright,* 677 F2d 404, 410 n 8 (5th Cir 1982), overruled on other grounds (emphasis added). See also *Battle v United States Parole Commission,* 834 F2d 419, 421 (5th Cir 1987) (*de novo* review not required because objections were conclusory). Beyond this, objections should be specific enough to "facilitate[ ] the opportunity for district judges to spend more time on matters *actually contested*." *Nettles,* 677 F2d at 410 (emphasis added). In short, objections should be "specific enough to allow the trial court to . . . explore the issue raised." Dkt 134 at 11, citing *Windland v Quarterman,* 578 F3d 314, 316 (5th Cir 2009) and *United States v Burton,* 126 F3d 666, 673 (5th Cir 1997).

Such observations from the Fifth Circuit make clear that proper objections aren't merely a laundry list of grievances against the analysis by the magistrate judge. They should instead point the district judge to specific issues to be explored on *de novo* review. Defendants' multifarious objections here failed to facilitate the opportunity for this Court to identify and explore the issues actually contested, as required by the Fifth Circuit.

Defendants point out that objections needn't be more specific than to "put the district court on notice of the urged error." *Williams v K & B Equipment Co,* 724 F2d 508, 511 (5th Cir 1984). This is true—at least insofar as it goes. But Rule 72(b)(2) of the Federal Rules of Civil Procedure still requires that objections be specific, not general. And the job of the district court is to review *de novo* specific objections—not to unravel general references to pages upon pages of prior briefing. To require the district court to comb through various prior filings to determine what the objections actually were is a waste of judicial resources. See *Nettles,* 677 F2d at 406, 410 (noting Federal Magistrates Act was enacted to increase judicial efficiency).

Other courts are in accord. See *United States v Ervin,* 2015 WL 13375626, *13 (WD Tex) (collecting cases). The Sixth Circuit, for example, finds objections insufficient if they require the district court to duplicate the time and effort of the magistrate judge. *Howard v Secretary of Health & Human Services,* 932 F2d 505 (6th Cir 1991). "This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Likewise, the Seventh Circuit holds that objections without reasonably in-depth argument don't preserve issues for *de novo* review. *Lockert v Faulkner,* 843 F2d 1015, 1019 (7th Cir 1988): "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." See also *Pendleton v Rumsfeld,* 628 F2d 102, 106 (DC Cir 1980) (finding objections insufficient that amount to merely "[upholding] the contentions of the wrong party").

In short, in accord with the Southern District of New York, "perfunctory" objections don't merit *de novo* review. *Edwards v Fischer*, 414 F Supp 2d 342, 346–47 (SDNY 2006). And again, as mentioned in the original order and consistent with the Fifth Circuit's direction that magistrate judges serve the purpose of judicial efficiency, objections must be more than simply a list of grievances telling the district court, "Here, you figure it out." See Dkt 130 at 2.

To be sure, the briefing by Defendants at this *reconsideration* stage is decidedly more thoughtful and cogent than at the *objections* stage. But that counts for very little. Reconsideration isn't for do-overs. The time for Defendants to have put forth their best effort and arguments was at the objections stage. It simply isn't proper to restate, repackage, or rethink the approach on reconsideration.

And to be clear, the relief sought by Defendants can make no difference to the ultimate result. The prior order clearly states, "Even though [clear error is] all the review that was required, the Court has nevertheless also

5

examined the objections *de novo* and finds that they lack merit for the reasons stated by the Magistrate Judge." Dkt 130 at 3. So, it can be assumed that Defendants did have a few specific objections warranting *de novo* review buried in their twenty-four arguments. For example, see Dkt 129 at 12–14 (arguing Plaintiff's claims don't fit within mootness exception recognized by Magistrate Judge) and 16–17 (arguing claims here are improperly based on HUD regulations, which don't create private cause of action or impose on loan servicers any duty to borrowers). Those objections were determined on *de novo* review to lack merit. The findings of the Magistrate Judge needn't be reiterated on review. *Koetting v Thompson,* 995 F2d 37, 40 (5th Cir 1993).

As such, the order overruling Defendants' objections was in accord with prevailing standards of review in this and other circuits.

Last, contrary to argument, the order didn't violate Defendant's due process rights. See Dkt 134 at 22–23. Defendants didn't consent to the jurisdiction of the Magistrate Judge for all purposes in this case pursuant to 28 USC § 636(c). See Dkt 45. This means that they reserved a right to *de novo* review by this Court of recommendations from the Magistrate Judge. But as noted, they did receive such review. See Dkt 130 at 3.

Defendants also suggest that due process was violated because they were denied a word count extension for their filing of objections. Dkt 134 at 23; see also Dkt 128 (order denying word count extension). But Defendants did receive word count extensions for briefing on summary judgment. Dkts 101 & 108. They were thus given full opportunity to be heard before the Magistrate Judge made her recommendation. The objections process is for *specific objections* to that recommendation, not to reiterate every argument made during initial briefing. Due process before the Magistrate Judge and before this Court is satisfied.

The motion for reconsideration is DENIED. Dkt 134.

SO ORDERED.

Signed on February 13, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge