## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **URSULA NICHOLE WILLIAMS,** | § | |
| **on behalf of herself and all others** | § | |
| **similarly situated,** | § | **Case No.: 4:20-CV-1900** |
| | § | |
| **Plaintiff,** | § | **JUDGE CHARLES ESKRIDGE** |
| | § | |
| **v.** | § | |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC** | § | |
| **and LOANCARE, LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiff Ursula Nichole Williams ("Plaintiff"), on behalf of herself and as a representative of the Settlement Class (as defined herein) and Defendant LoanCare, LLC ("LoanCare", and together with Plaintiff the "Parties"). This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

1. On May 29, 2020, Plaintiff filed a putative class action complaint (the "Complaint") against Defendants LoanCare and Lakeview Loan Servicing, LLC ("Lakeview" and together with LoanCare, "Defendants") in the United States District Court for the Southern District of Texas (the "Action") for violations of the Texas Debt Collection Act ("TDCA") and breach of contract. ECF No. 1. More specifically, the Complaint alleges that Defendants routinely and systematically violate provisions of the TDCA and breach uniform covenants in mortgages guaranteed by the Federal Housing Administration ("FHA") by collecting fees from borrowers that are not authorized by their mortgage agreements, the FHA rules, or permitted by law.

2. On July 29, 2020, Lakeview Answered the Complaint. ECF No. 25.

3. On that same day, LoanCare filed a Motion to Dismiss seeking dismissal of Plaintiff's claims against LoanCare. ECF No. 27.

4. On September 4, 2020, Plaintiff simultaneously filed a Notice of Partial Voluntary Dismissal, dismissing her breach of contract claims against LoanCare (*see* ECF No. 35) and an Opposition to Defendant LoanCare's Motion to Dismiss, arguing Defendant

LoanCare's Motion to Dismiss as to Plaintiff's TDCA claims should be denied (ECF No. 36).

5.  Defendant LoanCare filed its reply in further support of its Motion to Dismiss on September 18, 2020. ECF No. 38.

6.  The Court denied Defendant LoanCare's Motion to Dismiss on December 22, 2020, finding Plaintiff "sufficiently pleaded facts to support her argument that the fees charged by LoanCare violate the TDCA." ECF No. 59.

7.  Defendant LoanCare filed an Answer to the Complaint on January 21, 2021. ECF No. 62.

8.  On April 2, 2021, Plaintiff filed a Motion for Class Certification. ECF No. 72. Defendants opposed Plaintiff's motion (ECF No. 77), and Plaintiff filed a reply in further support (ECF No. 79).

9.  On February 8, 2022, Magistrate Judge Sam S. Sheldon issued a Memorandum and Recommendation recommending Plaintiff's Motion for Class Certification be granted as to Plaintiff's TDCA claims against Lakeview and LoanCare under modified class definitions but denied as to Plaintiff's breach of contract claim against Lakeview (ECF No. 86), which the Court adopted on March 30, 2022 (ECF No. 91).

10. On April 13, 2022, Plaintiff filed a Stipulation of Dismissal with Prejudice as to her breach of contract claim against Lakeview. ECF No. 93.

11. Plaintiff filed Plaintiff's Unopposed Class Notice Plan (ECF No. 96), which the Court approved on July 27, 2022 (ECF No. 99).

12. In accordance with the Court-approved Class Notice Plan, ILYM Group, Inc. provided notice to potential class members informing them about the Action, their rights, and how to participate or ask to be excluded. No one asked to be excluded from the certified classes.

13. On September 30, 2022, Defendants filed a Motion for Summary Judgment, arguing summary judgment should be entered in their favor on multiple grounds including because the TDCA does not apply to the facts of this Action. ECF No. 102. On that same day, Plaintiff filed a Motion for Summary Judgment, seeking summary judgment in her favor as to liability on the TDCA claim. ECF No. 104.

14. On August 14, 2023, after completion of the briefing of Plaintiff and Defendants' cross-motions (*see* ECF Nos. 110-111, 117 regarding Defendants' Motion for Summary Judgment and ECF Nos. 109, 116 regarding Plaintiff's Motion for Summary Judgment) and oral argument, Magistrate Judge Christina A. Bryan issued a Memorandum and Recommendation recommending Plaintiffs' Motion for Summary Judgment be granted and Defendants' Motion for Summary Judgment be denied (ECF No. 125), which was adopted by the Court on September 26, 2023 (ECF No. 130).

15. Thereafter, Plaintiff and Defendants filed their respective proposed Trial Plans (*see* ECF Nos. 146 and 148), addressing their respective proposed plans for a trial on damages or why a trial is or is not necessary on damages for Plaintiff and the Certified Classes.

16. On October 1, 2024, the Court held a Status Conference wherein the Court requested that the Plaintiff and Defendants provide further briefing on Plaintiff's proposed motion for summary judgment with respect to damages (*see* ECF No. 152), which they did (*see* ECF Nos. 157-159).

17. On March 4, 2025, the Court entered an order finding that Plaintiff's briefing on the issue of what her proposed motion for summary judgment with respect to damages would entail was not sufficiently responsive and directing Plaintiff to submit a revised filing. ECF No. 160.

18. Plaintiff submitted a supplemental statement on March 14, 2025. ECF No. 161.

19. On March 18, 2025, the Court entered an Order finding that Plaintiff may bring a motion for summary judgment on the terms stated in her supplemental filing. ECF No. 162.

20. On April 29, 2025, the Plaintiff and Defendants filed a letter advising the Court that following entry of the Court's March 18, 2025 order, they agreed to mediation and were in the process of finalizing the scheduling of that mediation and would further notify the Court with details of the mediation once those were in place. ECF No. 163.

21. On May 5, 2025, Plaintiff and Defendants filed a letter notifying the Court that they had scheduled mediation with Mr. Paul D. Clote on June 3, 2025.

22. On June 3, 2025, Plaintiff and Defendants attended a full-day mediation in front of Mr. Paul D. Clote. The mediation resulted in a settlement in principle, the terms of which are reflected in this Settlement Agreement.

23. Prior to the mediation, the Plaintiff and Defendants exchanged both formal and informal discovery regarding the merits of the case and class certification under Fed. R. Civ. P. 23 and Fed. R. Evid. 408.

24. At all times, Defendants have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Defendants also deny that class certification is appropriate and that Plaintiff and the Certified Classes have suffered any injury or damages. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendants have concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the

Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendants, or any of the Released Persons (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

25. Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendants have raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and LoanCare, by and through undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Plaintiff, the Settlement Class, and the Released Persons from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall

be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

## 1.    DEFINITIONS

As used in this Agreement and the attached exhibits (which are integral parts of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless this Agreement specifically provides otherwise:

1.1    "Action" means the lawsuit captioned *Williams v. Lakeview Loan Servicing, et al.,* Case No. 4:20-cv-01900, pending in the United States District Court for the Southern District of Texas.

1.2    "Agreement" means this Class Action Settlement Agreement and the exhibits attached hereto or incorporated herein, including any amendments subsequently agreed to by the Parties pursuant to the provisions of Section 12 of this Agreement and any exhibits to such amendments.

1.3    "Attorneys' Fees and Expenses" means such aggregate funds as may be awarded by the Court from the Settlement Fund to compensate Class Counsel (and any other past, present, or future attorneys for Plaintiff or the Settlement Class in this Action) for all of the past, present, and future attorneys' fees, costs (including court costs), expenses, and disbursements earned or incurred collectively and individually by any and all of them, their investigators, experts, staff, and consultants combined in connection with the Action.

1.4    "Class Counsel" means Randall K. Pulliam of Carney Bates & Pulliam, PLLC and James L. Kauffman of Bailey & Glasser LLP.

1.5    "Class Loans" means residential mortgage loans secured by mortgaged property located in the State of Texas that qualify a Settlement Class Member for membership in the

7

Settlement Class as defined herein.

1.6     "Class Notice" means the legal notice summarizing the terms of this Agreement, in the forms substantially similar to that attached as **Exhibit A (Email Notice), B (Postcard Notice, and Exhibit C (Long-form Notice)**, to be provided to the Settlement Class pursuant to the provisions of Section 7 of this Agreement.

1.7     "Court" means the United States District Court for the Southern District of Texas, the Honorable Charles Eskridge presiding, or any other judge of this Court who shall succeed him as the Judge assigned to this Action.

1.8     "Defendants" means Lakeview Loan Servicing, LLC and LoanCare, LLC.

1.9     "Fairness Hearing" means the hearing held by the Court to consider evidence and argument for the purposes of determining, among other things, whether the terms of this Agreement and the Settlement are fair, reasonable and adequate; whether this Agreement should be given final approval through entry by the Court of the Final Order and Judgment; and whether certification of the Settlement Class should be maintained.  The Fairness Hearing shall be held no earlier than one hundred and thirty-five (135) days after the date of entry of the Preliminary Approval Order.

1.10     "Final Order and Judgment" means an order and judgment by the Court which finally approves this Agreement and the Settlement pursuant to Federal Rule of Civil Procedure 23 and dismisses with prejudice the claims asserted against Defendants in the Action.

1.11     "Final Settlement Date" means one (1) day after the date on which the Final Order and Judgment approving this Agreement becomes final.  For purposes of this Agreement, the Final Order and Judgment shall become final: (a) if no appeal is taken from the Final Order and Judgment, on the date on which the time to appeal therefrom has expired pursuant to Federal Rule

of Appellate Procedure 4; or (b) if any appeal is taken from the Final Order and Judgment, on the date on which all appeals therefrom, including petitions for rehearing or re-argument pursuant to Federal Rule of Appellate Procedure 40, petitions for rehearing *en banc* pursuant to Federal Rule of Appellate Procedure 35 and petitions for certiorari pursuant to Rule 13 of the Supreme Court of the United States or any other form of appellate review, have been fully and finally disposed of in a manner that affirms all of the material provisions of the Final Order and Judgment.

1.12 "Individual Allocations" means the share of the Settlement Fund that all borrowers on a given Class Loan are jointly entitled to receive following payment from the Settlement Fund of any Settlement Administration Expenses, Attorneys' Fees and Expenses, and Service Award that may be awarded by the Court, to be calculated and determined in accordance with Section 4 of this Agreement.

1.13 "Lakeview Class" means all persons in the United States (1) with an FHA-insured mortgage executed on or after March 1, 1990, securing a property located in the State of Texas, (2) originated or serviced by Lakeview Loan Servicing LLC, and (3) subserviced by LoanCare LLC, and (4) who paid one or more Pay-to-Pay fees to LoanCare during the applicable statute of limitations period of May 29, 2018 through March 30, 2022. By definition, the Lakeview Class constitutes a subset of the LoanCare Class.

1.14 "LoanCare Class" means all persons in the United States (1) with an FHA-insured mortgage executed on or after March 1, 1990, securing a property located in the State of Texas, (2) serviced or subserviced by LoanCare LLC and (3) who paid one or more Pay-to-Pay fees to LoanCare during the applicable statute of limitations period of May 29, 2018 through March 30, 2022. By definition, the LoanCare Class encompasses the entirety of the Lakeview Class.

1.15 "Net Settlement Fund" means the Settlement Fund less the following: Settlement

Administration Expenses; any taxes due on earnings on the Settlement Fund, and any expenses related to the payment of such taxes; any Attorneys' Fees and Expenses awarded by the Court; any Service Award awarded by the Court; and any other Court-approved deductions.

1.16     "Notice Date" means the date by which the Notice Program set forth in Section 7 is commenced, which shall be no later than thirty (30) days after Preliminary Approval.

1.17     "Objection Deadline" means the date by which any written objection to this Agreement must be filed with the Court, which shall be designated as a date thirty-five (35) days before the originally scheduled date of the Fairness Hearing (if the Fairness Hearing is continued, the deadline runs from the first scheduled Fairness Hearing), or on such other date as may be ordered by the Court.

1.18     "Parties" or "Party" means Plaintiff and LoanCare, collectively or separately.

1.19     "Fees" means fees paid to LoanCare by Settlement Class Members for optional payment services for making loan payments by telephone via a live operator, by a voice recognition unit telephone system  ("VRU"), or via the internet.

1.20     "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.21     "Plaintiff" means Ursula Nichole Williams, the named plaintiff in the Action.

1.22     "Preliminary Approval Order" means a ruling by the Court to preliminarily approve this Agreement and the Settlement pursuant to Federal Rule of Civil Procedure 23. A proposed version of the Preliminary Approval Order is attached hereto as **Exhibit D**.

1.23     "Release" means the release and waiver set forth in Section 3 of this Agreement.

1.24    "Released Claims" means each and all of the claims, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees and costs, liens, judgments, and demands of any kind whatsoever that each Settlement Class Member may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, asserted or unasserted, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the litigation that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning optional payment services fees charged by LoanCare, including but not limited to claims related to charges for making payments over the phone or internet and claims or causes of action under, without limitation, the Texas Debt Collection Act, the federal Fair Debt Collection Practices Act, for breach of contract, for unjust enrichment, and for violation of any other state or federal law or for any equitable claim.

1.25    "Released Persons" means (1) LoanCare LLC and Lakeview Loan Servicing, LLC, and any and all of their respective current or former servicers, sub-servicers, owners, and investors for the Class Loans, and (2) for each of the foregoing each of their past, present and future members, direct and indirect parents, direct and indirect subsidiaries, divisions, affiliates, predecessors, successors, and assigns, clients, future, present, and former directors, officers (whether acting in such capacity or individually), employees, managers, lenders, masters, servants, principals, agents, subagents, master servicers, subservicers, insurers, reinsurers, shareholders, investors, attorneys, advisors, consultants, representatives, partners, join venturers, independent contractors, vendors, wholesalers, resellers, distributors, retailers, divisions, subdivisions,

predecessors, successors and assigns, owners, trustees, creditors, law firms, departments, corporations in common control, or any agent acting or purporting to act for any of the foregoing.

1.26    "Releasing Persons" means individually and collectively (a) Plaintiff and (b) the Settlement Class and each Settlement Class Member thereof, and in each case in clauses (a) and (b), on behalf of themselves and any of their respective past, present, or future heirs, guardians, assigns, executors, administrators, representatives, agents, attorneys, partners, legatees, trustees, insurers, predecessors, co-obligors, successors, and/or any other persons who claim or may claim through Plaintiff and/or each Settlement Class Member an interest in the subject matter being released.

1.27    "Service Award" means such funds as may be awarded by the Court from the Settlement Fund to Plaintiff to compensate her for her efforts in bringing the Action and achieving the benefits of this Agreement on behalf of the Settlement Class.

1.28    "Settlement" means the settlement and related terms between the Parties as set forth in this Agreement.

1.29    "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), responding to inquiries from members of the Settlement Class, administering the Settlement Fund, and processing and mailing checks for Individual Allocations and other disbursements from the Settlement Fund, and related services to effect the settlement.

1.30    "Settlement Administrator" means subject to Court approval, ILYM Group, Inc.

1.31    "Settlement Amount" means Two Million Three Hundred Thousand Dollars ($2,300,000), inclusive all costs including Settlement Administration Expenses, any Attorneys' Fees and Expenses awarded by the Court; any Service Award awarded by the Court. The

Settlement Amount represents the total extent of LoanCare's monetary obligations under this Agreement. In no event shall LoanCare's total monetary obligation with respect to this Agreement exceed or be less than the Settlement Amount. Lakeview shall have no monetary obligations under this Agreement.

1.32    "Settlement Class" means the Lakeview Class and the LoanCare Class. Because the LoanCare Class encompasses the entirety of the Lakeview Class, the Parties agree that the Lakeview Class and the LoanCare Class may be treated as a single Settlement Class.

1.33    "Settlement Class Members" means Persons who fall within the definition of the Settlement Class.

1.34    "Settlement Fund" means the non-reversionary cash fund that shall be established by or on behalf of LoanCare in the Settlement Amount, to be deposited into an escrow account, according to the schedule set forth herein, plus all interest earned thereon. The Settlement Fund shall be at all times a "qualified settlement fund" within the meaning of Section 1.468B-1 et seq. of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund account or otherwise, including any taxes or tax detriments that may be imposed upon the Class Representative, Class Counsel, LoanCare, or Defendants' Counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for purposes of federal or state income taxes or otherwise, shall be paid

out of the Settlement Fund. Neither the Class Representative, Class Counsel, LoanCare, nor Defendants' Counsel shall have any liability or responsibility for any taxes arising with respect to the Settlement Fund.

1.35    "Settlement Website" means the internet website that the Settlement Administrator will establish and host pursuant to the provisions of Section 7 of this Agreement, following entry of the Preliminary Approval Order.

## 2.    Representations, Acknowledgements, and Warranties

2.1    Class Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, that: (1) it is in the best interest of Plaintiff and the Settlement Class to enter into this Agreement to avoid the uncertainties of continued litigation and assure that the benefits reflected herein, including the value of the Settlement Fund under this Agreement, are obtained for Plaintiff and the Settlement Class, and (2) the Settlement set forth in this Agreement is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 and in the best interests of Plaintiff and the Settlement Class.

2.2    Based on, among other things, their extensive investigation in the Action, including their extensive legal research and the extensive discovery conducted in the course of litigating this Action and similar actions, as well as the information sharing that occurred before, during, and after the Parties' mediation, Class Counsel recommend and agree to this Settlement as set forth herein.

2.3    Plaintiff, both for herself individually and on behalf of each Settlement Class Member, and LoanCare acknowledge and agree that neither this Agreement nor the releases given herein, nor any consideration therefore, nor any actions taken to carry out or obtain Court approval of this Agreement are intended to be, nor may they be deemed or construed to be, an admission or

concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party. The Defendants expressly deny liability for the causes of action asserted in Plaintiff's Complaint. Neither this Agreement, nor the fact of the Settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault, violation, breach of duty, or omission by the Defendants or the Released Persons, or be construed as, offered as, received as, or used as evidence of an admission, concession, presumption, or inference of any fact or of any liability or wrongdoing by the Defendants or the Released Persons in any proceeding, or as a waiver by the Defendants or the Released Persons of any applicable defense, or for any other purposes other than such proceedings as may be necessary to defend, consummate, interpret, or enforce the Settlement contemplated by this Agreement.

2.4    Each counsel or other Person executing this Agreement on behalf of any Party hereto expressly warrants and represents that (a) such Person has the full authority to execute this Agreement on behalf of the Party for whom such Person is executing the Agreement (including on behalf of such Person's client, to the extent the Person signing this Agreement is an attorney); (b) such Person is acting upon that person's own respective independent judgment and upon the advice of its respective counsel, and not in reliance upon any representation, warranty, or covenant, express or implied, of any nature or kind by any other Person other than the representations, warranties and covenants contained and memorialized in this Agreement; and (c) any representation, warranty or covenant, express or implied, of any nature or kind that is not contained in this Agreement is immaterial to the decision to enter into this Agreement. The undersigned Class Counsel represent and warrant that they are authorized to execute this Agreement on behalf of both Plaintiff and the Settlement Class.

2.5     Plaintiff represents and warrants that she: (a) has entered into and executed this Agreement voluntarily and without duress or undue influence, and with and upon the advice of counsel, selected by her; (b) has agreed to serve as representative of the Settlement Class; (c) is willing, able, and ready to perform all of the duties and obligations of representative of the Settlement Class; (d) has read the Complaint filed in the Action, or has had the contents of the pleading described to her by Class Counsel; (e) is familiar with the results of the fact-finding and discovery undertaken by Class Counsel; (f) has been kept apprised of the progress of the Action and the settlement negotiations between the Parties, and has either read this Agreement (including the exhibits annexed hereto) or has received a detailed description of it from Class Counsel and has agreed to its terms; (g) has consulted with Class Counsel about the Action, this Agreement and the duties and obligations of a representative of the Settlement Class; (h) has authorized Class Counsel to execute this Agreement on her behalf; and (i) will remain and serve as the representative of the Settlement Class until the terms of the Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that she can no longer serve in a representative capacity on behalf of the Settlement Class.

2.6     Plaintiff represents and warrants that she is the sole and exclusive owner of all claims that she is personally asserting in this Action and releasing under this Agreement, including all Released Claims. Plaintiff further acknowledges that she has not assigned, pledged, or in any manner whatsoever, sold, transferred, or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action or to the Released Claims, and that she is not aware of anyone other than herself claiming any interest, in whole or in part, in the Action, the Released Claims, or in any benefits, proceeds or values under the Action or the Released Claims on her behalf. Plaintiff further represents and warrants that she will indemnify, defend and hold all

Released Persons harmless as a result of any assignment of such right, and enter into this Settlement without coercion of any kind.

2.7 LoanCare represents and warrants that the Fees that are the subject to this Action are LoanCare's fees for LoanCare's services, that Lakeview did not charge the fees, and the LoanCare does not share its fees with its clients for whom it sub-services (including Lakeview) or other third parties. The Parties recognize that others in the loan servicing industry including but not limited to sub-servicers, master servicers, and lenders may charge their own fees for optional payment services and that those fees may be the subject of current or future claims. For the avoidance of doubt, the Parties do not intend by this Settlement for the Released Claims and/or the Released Persons (as defined herein) to extend the release provided herein to release any Person except in connection with LoanCare's Fees.

### 3. <u>Dismissal, Release, and Covenant not to Sue</u>

3.1 Subject to Court approval, Plaintiff agrees, on behalf of herself and the Settlement Class Members, that this Agreement shall be the full and final disposition of: (i) the Action against the Defendants; and (ii) any and all Released Claims as against any and all Released Persons. As set forth in paragraph 2.7 above, no release is intended as to non-LoanCare fees.

3.2 Upon final approval of the Settlement reflected in this Agreement, and as part of the entry of the Final Order and Judgment, Plaintiff and Class Counsel shall take all steps necessary to effectuate dismissal of the Action in its entirety with prejudice.

3.3 In consideration for the Settlement benefits described in this Agreement, Plaintiff, on behalf of herself and each other Releasing Person, hereby releases, and each of the Settlement Class Members and other Releasing Persons shall be deemed to have released, and by operation of the Final Order and Judgment upon the Final Settlement Date shall have released, all Released

Claims against all of the Released Persons, separately and severally. In connection therewith, upon the Final Settlement Date, each of the Releasing Persons: (i) shall be deemed to have, and by operation of the Final Order and Judgment, shall have, fully, finally, and forever waived, released, relinquished, remised, acquitted, and discharged to the fullest extent permitted by law all Released Claims against each and all of the Released Persons; (ii) shall forever be barred and enjoined from commencing, instituting, prosecuting, or knowingly participating in any fashion in any and all claims, causes of action, suits, or any other proceeding in any court of law or equity, arbitration tribunal, or other forum of any kind, directly, representatively, derivatively, or in any other capacity and wherever filed, with respect to any Released Claims against any of the Released Persons; and (iii) shall be deemed to have agreed and covenanted not to sue any of the Released Persons with respect to any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Person related in any way to any Released Claims as set forth in paragraph 3.4 below.

3.4     Covenant Not to Sue. Plaintiff, as representative of the Settlement Class, covenants and agrees on behalf of the Settlement Class: (a) not to file, commence, prosecute, intervene in, or knowingly participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Persons; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons.

3.5     Without in any way limiting the intentionally broad scope of the Released Claims as set forth in paragraph 1.24 above and except to the extent otherwise specified in this Agreement, the Released Claims include, by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, consultant fees, interest, litigation fees, costs or any other fees, costs, and/or disbursements incurred by Class Counsel, or by Plaintiff or by the Settlement Class Members regarding Released Claims for which any of the Released Persons might otherwise be claimed liable.

3.6     The Releasing Persons may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims.  Nevertheless, Plaintiff and the other Releasing Persons do hereby expressly, fully, finally, and forever settle and release, and each Releasing Person, upon the Final Settlement Date, shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

3.7     With respect to any and all Released Claims against any and all Released Persons, the Parties stipulate and agree that, by operation of the Final Order and Judgment upon the Final Settlement Date, each Releasing Person shall have expressly waived, and shall be deemed to have waived, and by operation of the Final Order and Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

**MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

3.8     All Settlement Class Members and other Releasing Persons shall be bound by the releases set forth in this Section 3 whether or not they ultimately cash, negotiate, or deposit any check for their Individual Allocations.

3.9     Subject to the provisions of this Section 3 and the injunctions contemplated herein and in Section 5, nothing in this Release shall preclude any filing in the Action seeking to have the Court enforce the terms of this Agreement, including participation in any of the processes detailed therein.

**4.     The Settlement Fund, Administration Process, and Distribution of Individual Allocations**

4.1     Pursuant to and subject to all other terms of this Agreement, and in consideration for (a) the dismissal of the Action with prejudice, (b) the Release set forth in Section 3 and the approval, entry, and enforcement thereof by the Court, and (c) the other promises and covenants in this Agreement, LoanCare has agreed to make available to Plaintiff and the Settlement Class the following monetary relief, subject to each and all of the terms and conditions specified herein.

4.2     LoanCare shall make available to the Settlement Class a Settlement Fund of Two Million Three Hundred Thousand Dollars ($2,300,000), i.e., the Settlement Amount. The Settlement Fund is an "all-in" lump sum and is not designated as any specific category of monetary relief potentially available under the TDCA and/or any other federal or state claim Plaintiff could have brought in this litigation. The Settlement Administrator shall complete and provide to LoanCare any W9 forms as to the Settlement Fund necessary for LoanCare to implement this Settlement.

4.3     The Settlement Fund shall first be applied to pay Settlement Administration Expenses, including notice costs previously incurred by the Settlement Administrator in notifying

the Certified Classes of this Action as well as those to be incurred by the Settlement Administrator in notifying the Settlement Class of the Settlement set forth herein, incurred prior to the Final Settlement Date. Funds sufficient to pay the Settlement Administrator for such costs expected to be incurred prior to final approval shall be transferred by LoanCare to the Settlement Administrator within 5 business days of Preliminary Approval Order.

4.4     In addition to the Settlement Administration Expenses paid pursuant to paragraph 4.3 above, the remaining funds necessary to reach the Settlement Amount shall be paid by LoanCare into the Settlement Fund within 60 days of the Preliminary Approval Order. The Settlement Fund shall be used to pay all Settlement Administration Expenses, any court-awarded Attorneys' Fees and Expenses, any court-awarded Service Award, and the Individual Allocations to Settlement Class Members as set forth herein.

4.5     Each Class Loan will be entitled to receive an Individual Allocation, calculated based on a proportional share basis based on the total amount of Fees paid by each Settlement Class Member on that Class Loan, as compared to the total aggregate amount available for payment to Settlement Class Members. Payments made on Class Loans with multiple borrowers shall be treated as joint payments for purposes of this calculation, such that each Class Loan will be entitled to only one Individual Allocation of the remaining balance of the Settlement Fund. Co-debtors, joint-borrowers, and multiple obligors on a single Class Loan are not entitled to a separate Individual Allocation on the same Class Loan.

4.6     Class Counsel shall cause the Settlement Administrator to distribute the Individual Allocations to Settlement Class Members no later than sixty (60) days following the Final Settlement Date. Class Counsel shall cause the Settlement Administrator to distribute Settlement Class Members' respective Individual Allocations by check, with each such check made payable—

unless otherwise mutually agreed to by the Parties for good cause shown—jointly to all borrowers on each such Class Loan, in an amount equal to that Class Loan's respective Individual Allocation, payable in U.S. funds, and mailed to the mailing address of record for that Class Loan as determined from LoanCare's records. Individual Allocation relief shall reduce and be paid out of the Settlement Fund. All checks for Individual Allocation relief shall state on the face of the check that the check will expire and become null and void unless cashed within one hundred and twenty (120) days after the date of issuance of the check, and Settlement Class Members' failure to deposit, negotiate or otherwise cash such checks within that one hundred and twenty (120) day period shall constitute a release by those Settlement Class Members (and all other borrowers on their respective Class Loan) of any and all rights to said monetary relief under the Settlement.

4.7    To the extent that any checks issued to a Settlement Class Member are not cashed within one-hundred twenty (120) days after the date of issuance, such uncashed check funds shall be redistributed on a pro rata basis (after first deducting any necessary Settlement Administration Expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution, a secondary distribution would be otherwise infeasible, or any funds remain unclaimed 120 days following a secondary distribution, such funds shall, subject to Court approval, be distributed to the Texas Bar Foundation, provides funding to enhance the rule of law and the system of justice in Texas, especially for programs that relate to legal assistance for the underserved, the administration of justice, ethics in the legal profession, the encouragement of legal research, publications and forums, and education of the third branch of government. https://txbf.org/about-

us/ (last visited June 18, 2025). No portion of the Settlement Fund will revert to the Defendants.

4.8     Settlement Class Members who are specifically excluded by order of the Court are not entitled to any distribution of Individual Allocations.

4.9     Subject to the terms of the Final Order and Judgment, no certifications by the Parties regarding their compliance with the terms of the Settlement and this Agreement will be required. Any dispute as to the Parties' compliance with their obligations under the Settlement and this Agreement shall be brought and resolved only in the Action and only by the Court, and applicable appellate courts, and in no other action or proceeding.

**5.     Additional Effects of the Settlement**

5.1     Except as expressly set forth in this Agreement, neither the Settlement, nor the Release, nor any of the relief to be offered pursuant to the Settlement shall: (a) alter or extinguish (or be construed as altering or extinguishing) the terms of the debts, promissory notes, mortgages, security interests, loan modifications, and other pre-existing contracts of the Settlement Class Members which are still in effect as of the Final Settlement Date; (b) constitute a novation or release of those debts, promissory notes, mortgages, security interests and other pre-existing contracts; or (c) in any way alter the rights of any party, Releasing Person, or Released Person under those debts, promissory notes, mortgages, security interests and other pre-existing contracts which are still in effect as of the Final Settlement Date. Nothing in this Agreement, the Settlement or the Release shall prevent the Released Persons from continuing to service or collect such debts, promissory notes, mortgages, security interests and other pre-existing contracts consistent with the terms of those agreements.

5.2     The Parties hereby agree and acknowledge that the provisions of this Section 5 together constitute essential and material terms of this Agreement and shall be included, approved

and made effective in any Final Order and Judgment entered by the Court.

### 6.    Preliminary Approval Order

6.1    Promptly after the execution of this Agreement, but in no event later than seven (7) business days after this Agreement is fully executed (unless such time is extended by the written agreement of Class Counsel and Defendants' Counsel), Class Counsel shall submit this Agreement together with its exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; maintaining certification of the Settlement Class for settlement purposes only; maintaining the appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Fairness Hearing date and approve the Notices for dissemination substantially in the form of Exhibits D and hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or modify the Settlement Amount.

6.2    LoanCare's agreement to maintaining class certification for the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendants retain all of their objections, arguments, and defenses with respect to class certification and any other issue, and reserve all rights to contest class certification (including moving for decertification of the Certified Classes) and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement

Agreement otherwise fails to become effective. The Parties acknowledge that if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

6.3     The Court's maintaining certification of the Settlement Class for settlement purposes only (whether in the Preliminary Approval Order or Final Order and Judgment) shall not be deemed to be an adjudication of any fact or issue for any purpose other than the accomplishment of the provisions of this Settlement and this Agreement, and shall not be considered as law of the case, res judicata, judicial estoppel, promissory estoppel, or collateral estoppel in the Action or in any other proceeding unless and until the Final Settlement Date is reached. Whether or not the Settlement reaches the Final Settlement Date, the Parties' stipulations and agreements as to class certification for settlement purposes only (and any and all statements or submission made by the Parties in connection with seeking the Court's approval of the Settlement and this Agreement) shall not be deemed to be any stipulation or grounds for estoppel or preclusion as to the propriety of class certification, nor any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims. In the event the Settlement and this Agreement are not approved, or the Final Settlement Date is not reached, or this Agreement is terminated, canceled, or fails to become effective for any reason whatsoever, the Parties' stipulations and agreements as to certification of the Settlement Class shall be null and void and the Court's certification order in any Preliminary Approval Order or Final Order and

Judgment shall be vacated, and thereafter no Settlement Class will remain certified (although the

LoanCare Class and the Lakeview Class will remain certified subject to Defendants' rights to seek

decertification), and nothing in this Agreement or other papers or proceedings related to the

Settlement shall be used as evidence or argument by any party concerning whether the Action may

properly be maintained as a class action under applicable law. In the event the Settlement and this

Agreement are not approved, or the Final Settlement Date is not reached, or this Agreement is

terminated, canceled, or fails to become effective for any reason whatsoever, nothing in this

Settlement or this Agreement shall be admissible in any effort related to the certification of any

class in this Court or any other court under any circumstances.

7. **Notice to, and Communications with, Settlement Class Members and Federal and State Officials**

7.1   **Data for Class Notice**. Within seven (7) calendar days after the Preliminary

Approval, LoanCare shall supply to the Settlement Administrator at LoanCare's expense and in

electronic format the last known names, addresses, and email addresses of Settlement Class

Members, or confirm that it has provided such information previously. LoanCare makes no

representation as to the accuracy or currency of this data, and the Settlement Administrator and

Class Counsel are solely responsible for confirming the accuracy and currency of the information

provided. The data and information provided by LoanCare shall be used solely for purposes of

administering this Settlement. Because the information about potential Settlement Class Members

that has been or will be provided to the Settlement Administrator will consist of confidential

information, non-public personal information, and other information protected by privacy laws

and other confidentiality obligations owed by LoanCare, the Settlement Administrator will also

sign and be subject to a confidentiality and non-disclosure agreement and any such information

shall be used by the Settlement Administrator only for the purpose of administering this

Settlement. Any social security numbers that LoanCare may need to provide to the Settlement Administrator to implement this Settlement shall be maintained separately from the full set of data for the Settlement Class Members and shall remain for the Settlement Administrator's eyes only. Social security numbers shall not be provided to Class Counsel.

7.2   **Notice to Settlement Class Members.**

7.2.1   Direct Notice. By no later than the Notice Date, the Settlement Administrator shall send Class Notice (a) via email, substantially in the form attached as Exhibit A, to all Settlement Class Members for whom a valid email address is available in the Class Data, and (b) via postal mail, substantially in the form attached as Exhibit B, for Settlement Class Members for whom (i) LoanCare does not have an email address, and (ii) email notice was returned or bounced back as undeliverable. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

7.2.2   Settlement Website. By no later than the Notice Date, a more detailed Long-Form Notice, substantially in the form attached as Exhibit C, will be available for viewing and downloading on a case-specific settlement website (the "Settlement Website"). The URL name for the Settlement Website shall be a name that is acceptable to and approved by LoanCare. In addition, the Settlement Website shall include at least the following information: (i) a summary of the Action and the settlement terms; (ii) a "Contact Us" page with Settlement Administrator contact information; (iii) the Settlement Agreement,

motions for approval and for attorneys' fees and any other important documents in the case; (iv) important case dates and deadlines, including the Objection Deadline; (v) a summary of Settlement Class Member rights, including how to object to the Settlement; and (vi) the date, time, and location of the Fairness Hearing.

7.2.3    <u>Toll-Free Telephone Number</u>. The Notice Program shall also establish a toll-free telephone line for Settlement Class Members with an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Action.

7.2.4    <u>CAFA Notice</u>. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

7.2.5    The Notices shall advise the Settlement Class of their rights, including the right to object to the Settlement Agreement or any of its terms. The Notices shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Fairness Hearing only if, on or before the Objection Deadline approved by the Court and specified in the Notices, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he

or she proposes to be submitted at the Fairness Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendants' Counsel.

7.3     The Settlement Administration Expenses associated with the Settlement shall be paid from the Settlement Fund in the manner set forth herein.

7.4     Not later than ten (10) days before the date of the Fairness Hearing, the Settlement Administrator, and to the extent necessary the Parties, shall file with the Court a declaration or declarations, based on the personal knowledge of the declarant(s), verifying compliance with these class-wide notice procedures.

7.5     The Parties agree that the Defendants shall have the right to communicate directly with, and respond directly to inquiries from, Settlement Class Members in the ordinary course of the Defendants' business, a right which LoanCare expressly reserves for Defendants. However, any inquiries about this Agreement or about the Action shall be referred to Class Counsel or to the Settlement Administrator.

7.6     **Media Communications.** The Parties and their counsel agree to ensure that any comments about or descriptions of this Settlement and Agreement or its value or cost in the media or in any other public forum apart from the Action are accurate. In addition, the Parties and their counsel agree that:

7.6.1   Until such time as the Final Order and Judgment is entered, there shall be no press releases or public communications regarding the Agreement.

7.6.2   After the Final Order and Judgment is entered, Class Counsel and

Defendants' Counsel may, after mutual consultation, make only mutually agreeable press communications announcing the Settlement, but shall not otherwise issue any press release or printed or broadcast public communication about this Agreement or the Settlement.

7.6.3    Notwithstanding the foregoing, Defendants may disclose this Agreement to, and discuss this Agreement with, their parent companies, affiliated companies, customers, and clients, and each of their respective accountants, shareholders, accountants, auditors, consultants and investors, as well as with government entities as necessary to comply with applicable law, at any time before or after the Final Order and Judgment.

## 8.    No Requests for Exclusion

8.1    The Parties undertook an extensive notice program in connection with class certification and provided members of the certified Classes ample opportunity request exclusion from the Classes at that time. No one requested exclusion from the Classes. Accordingly, the Parties agree that they will propose to the Court for the Court's approval that there shall be no additional opportunity for Settlement Class Members to request exclusion from the Settlement Class. *See, e.g., Low v. Trump Univ., LLC,* 881 F.3d 1111 (9th Cir. 2018) (for a class-wide settlement after class certification, due process did not require a second opportunity to request exclusion and the prior class notice did not provide for a second opportunity to request exclusion).

## 9.    Objections to Settlement

9.1    Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be postmarked on or before the Objection Deadline. The written objection must also include: (1) the name of the Action "*Williams v. Lakeview Loan*

*Servicing, LLC*, United States District Court for the Southern District of Texas Case No.: 4:20-CV-1900"; (2) the objector's name and address; (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (7) the objector's handwritten or electronically imaged written signature. So-called 'mass' or 'class' objections shall not be allowed.

9.2     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement or the Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

9.3     Any Settlement Class Member who properly files and serves a timely written objection, as described in this Section 9, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses or Service Awards, or to any other aspect or effect of the

proposed Settlement provided he or she complies with the provisions of paragraph 9.1 and delivers

a copy of his or her objection to Class Counsel and Defendants' Counsel no later than the Objection

Deadline.

9.4     Any Settlement Class Member who fails to strictly comply with the provisions and

deadlines of this Section 9 shall waive any and all objections to the Settlement, its terms, or the

procedures for its approval, shall forfeit any and all rights he or she may have to appear separately

and/or to object, and will be deemed to have consented to the jurisdiction of the Court, to be part

of the Settlement Class, and to be bound by all subsequent proceedings, orders, and judgments in

the Action, including, but not limited to, the Release.

## 10.    Attorneys' Fees and Expenses and Service Award

10.1     Pursuant to Fed. R. Civ. P. 23(h), LoanCare agrees that Class Counsel shall be

entitled to an award of reasonable attorneys' fees and costs out of the Settlement Fund in an amount

determined by the Court. Plaintiff will file a motion with the Court prior to the Fairness Hearing

requesting an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus actual

litigation expenses. As soon as is practicable after filing, Class Counsel shall cause the Settlement

Administrator to post on the Settlement Website all papers filed and served in support of Class

Counsel's motion for an award of Attorneys' Fees and Expenses. LoanCare reserves the right to

oppose any petition by Class Counsel for Attorneys' Fees and Expenses that LoanCare deems to

be unreasonable in nature or amount or otherwise objectionable.

10.2     Any attorneys' fees and/or reimbursement of litigation expenses awarded by the

Court to Class Counsel shall be paid solely out of the Settlement Fund. Other than making available

the Settlement Fund pursuant to the requirements herein, LoanCare and the Released Persons shall

have no responsibility for, and no liability whatsoever with respect to, any payment of Attorneys'

Fees or Expenses to Class Counsel, which Class Counsel and Plaintiffs shall accept and seek to have paid only from the Settlement Fund.

10.3    Class Counsel is solely responsible for distributing any Attorneys' Fees and Expenses to and among all attorneys that may claim entitlement to attorneys' fees or costs in the Action. It is a condition of this Settlement that LoanCare and the Released Persons shall not be liable to anyone else for any attorneys' fees or costs, or any claim by any other counsel or Settlement Class Member for additional attorneys' fees, incentive or service awards, costs or expenses, relating in any way to the Action, the Settlement, its administration and implementation, any appeals of orders or judgments relating to the Settlement, any objections or challenges to the Settlement, and/or any proceedings on behalf of Settlement Class Members based on any of the claims or allegations forming the basis of the Action or any other claims that are defined as Released Claims in this Settlement. If any other or additional attorneys' fees, costs, incentive or service awards, or expenses to be paid by LoanCare separate from the Settlement Fund are awarded to anyone, including but not limited to any persons other than Plaintiff, Class Counsel, and Class Counsel's co-counsel of record, then LoanCare at its sole option may declare this Agreement void as set forth in Section 12.

10.4    Plaintiff and Class Counsel may also petition the Court for a Service Award to the Plaintiff to be paid from the Settlement Fund, in an amount not exceeding $10,000. The purpose of the Service Award is to compensate Plaintiff for her efforts and risks in bringing and prosecuting the Action on behalf of the Settlement Class Members and achieving the benefits of this Agreement on behalf of the Settlement Class. LoanCare reserves the right to oppose any petition by Plaintiff and Class Counsel for a Service Award that LoanCare deems to be unreasonable in nature or amount or otherwise objectionable.

10.5    Within ten (10) business days of the Final Approval Order and Judgment, the Settlement Administrator shall pay Class Counsel from the Settlement Fund any Attorneys' Fees and Expenses and Service Award that may be awarded by the Court. Class Counsel shall be solely responsible for supplying the Settlement Administrator with all information required by the Settlement Administrator in order to pay such awards from the Settlement Fund, and to comply with the Settlement Administrator's state and local reporting obligations. Class Counsel will also be solely responsible for distributing such Service Award to the Plaintiff, in accordance with the terms and provisions of any Order entered by the Court approving such award.

10.6    In the event the Final Order and Judgment is not entered, or this Agreement and the Settlement do not reach the Final Settlement Date, LoanCare will not be liable for, and shall be under no obligation to pay, any of the Attorneys' Fees and Expenses and Service Award set forth herein and described in this Agreement.

10.7    The effectiveness of this Agreement and Settlement will not be conditioned upon or delayed by the Court's failure to approve in whole or in part any petition by Plaintiff and Class Counsel for Attorneys' Fees and Expenses and Service Award. The denial, downward modification, or failure to grant any petition by Plaintiff and Class Counsel for Attorneys' Fees and Expenses and Service Award shall not constitute grounds for modification or termination of this Agreement or the Settlement proposed herein.

**11.    Final Order and Judgment**

11.1    If the Preliminary Approval Order is entered by the Court, after the dissemination of the Class Notices and not later than ten (10) days before the Fairness Hearing, Class Counsel shall move the Court to enter a Final Order and Judgment. The Final Order and Judgment shall, among other things:

11.1.1 Find that the Court has personal jurisdiction over the Parties and all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all attached exhibits;

11.1.2 Approve the Agreement and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; make final the certification of the Settlement Class; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding upon, and have res judicata and collateral estoppel effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiff and the Settlement Class Members;

11.1.3 Find that the Class Notices implemented pursuant to the Agreement (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their rights to object themselves from the Agreement and proposed Settlement; and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court, and (e) that in light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Settlement Class Members to request exclusion from the Classes at that

time, no second opportunity is required for Settlement Class Members to exclude themselves from the Settlement Class in connection with the Settlement proceedings;

11.1.4  Find that Plaintiff and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

11.1.5  Incorporate the Release set forth in Section 3 of this Agreement, make the Release effective as of the Final Settlement Date, and forever discharge the Released Persons as set forth in this Agreement;

11.1.6  Permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit or other action in any jurisdiction based on the Released Claims;

11.1.7  Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and its implementing documents (including all exhibits to this Agreement) if such changes are not materially inconsistent with the Court's Final Order and Judgment or do not materially limit, or materially and adversely affect, the rights or obligations of the Settlement Class Members under this Agreement;

11.1.8  Order that the Court retains continuing and exclusive jurisdiction over all matters relating to the Settlement or the consummation of the Settlement; the validation of the Settlement; the construction and enforcement of the Settlement and any orders entered pursuant thereto; and all other matters

pertaining to the Settlement or its implementation and enforcement;

11.1.9  Direct that judgment of dismissal on the merits and with prejudice of the Action (including all individual claims and class action claims presented thereby against both Defendants) shall be final and entered forthwith, without fees or costs to any Person or Party except as provided in this Agreement; and

11.1.10 Without affecting the finality of the Final Order and Judgment for purposes of appeal, retain jurisdiction as to the administration, consummation, enforcement and interpretation of this Agreement and the Final Order and Judgment, and for any other necessary purpose.

**12.    Dismissal of Lakeview Loan Servicing, LLC With Prejudice**

12.1    Plaintiff will seek approval from the Court to dismiss the claim against Lakeview with prejudice as LoanCare has represented to Plaintiff that the settlement herein can be achieved without the need of Lakeview being a party in the action or a party to this Agreement. More specifically, LoanCare represents that there is no member of the Lakeview Class who is not also a member of the LoanCare Class and LoanCare has made the representations and warranties in paragraph 2.7 regarding the subject fees solely being LoanCare's fees. The dismissal of Lakeview with prejudice will be included in the Final Approval Order and Judgment.

**13.    <u>Modification, Disapproval, Cancellation, or Termination of this Agreement</u>**

13.1    Before entry of the Final Order and Judgment, the terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Order and Judgment, the Parties may by mutual written agreement effect such amendments, modifications or expansions of

this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval of the Court if such changes are not materially inconsistent with the Court's Final Order and Judgment and do not materially limit, or materially and adversely affect, the rights or obligations of Settlement Class Members under this Agreement.

13.2    This Agreement shall terminate at the sole option and discretion of either Party if: (a) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement that the terminating Party in his, her, or its sole judgment and discretion determine(s) is material, including, without limitation, the terms of relief, the findings or conclusions of the Court, the provisions relating to notice (including the proposed plan for the dissemination of notice to the Settlement Class as set forth in Section 7 of this Agreement), the definition of the Settlement Class and the terms and conditions for their certification, and/or the terms of the Release; or (b) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Order and Judgment, or any of the Court's findings of fact or conclusions of law, that the terminating Party in his or its sole judgment and discretion determine(s) is material. However, under no circumstances shall the Court's failure to approve, in whole or in part, any petition by Plaintiff and Class Counsel for Service Award and Attorneys' Fees and Expenses as set forth in Section 10 of this Agreement provide Plaintiff or Class Counsel with a basis for terminating this Agreement.

13.3    LoanCare may also in its sole and absolute judgment and discretion elect to terminate this Agreement if: (a) any attorneys' fees and costs, expert fees, costs, expenses, or Service Award are awarded other than from the Settlement Fund; or (b) the Court requires that Settlement Class Members be provided with a second opportunity to request exclusion and requests for exclusion are submitted by Settlement Class Members on 1,000 or more Class Loans.

13.4    Any terminating Party must exercise its option to withdraw from and terminate this Agreement, as provided in this Section 12, by a signed writing served on the other Party no later than thirty-five (35) days after receiving notice of the event prompting the termination unless there is a motion or petition seeking reconsideration, alteration or appeal review of the event, in which case no later than thirty-five (35) days after the final conclusion of any such motion or petition seeking reconsideration, alteration, or appellate review thereof, whichever is later.

13.5    If any of the foregoing termination events occurs, no Party is required for any reason or under any circumstance to exercise that option.

13.6    If the Final Settlement Date does not occur or this Agreement is terminated pursuant to the provisions of this Section 12, then this Agreement (i) shall be null and void and shall have no force or effect, through principles of estoppel, res judicata, or otherwise, and no Party to this Agreement shall be bound by any of its terms, except for the terms of this Paragraph 12.6 and its sub-parts, and (ii) all of its provisions, and all negotiations, statements, documents, orders and proceedings relating to it shall be inadmissible in evidence for any purpose, and shall be without prejudice to the rights of LoanCare, Plaintiff and the Settlement Class, all of whom shall be restored to their respective positions in the Action as of the date existing immediately before the signing of this Agreement, except that the Parties shall cooperate in requesting that the Court set a new scheduling order such that neither Party's substantive or procedural rights is prejudiced by the attempted Settlement.

**14.    Tax Consequences.**

14.1    This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that the payments set forth in this Agreement reflect the settlement of disputed legal claims and that neither Party makes any representations regarding the Agreement's tax consequences.

14.2    No opinion concerning the tax consequences of the Settlement to individual Settlement

Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Agreement. Settlement Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments provided hereunder and any tax reporting obligations they may have with respect thereto.

14.3    Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

14.4    Each Settlement Class Member specifically agrees that he or she is solely responsible for any and all taxes, interest, and penalties due and owing, if any, should the payments or any portion thereof, be taxable.

## 15.    Miscellaneous Provisions

15.1    **Real Parties in Interest**. In executing this Settlement Agreement, Plaintiff, on behalf of herself and the Settlement Class, and Class Counsel represent and warrant that, as far as she is aware, Settlement Class Members are the only persons with a legal interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Action, and, except as provided herein, Plaintiff and Class Counsel are unaware of any Released Claims or part thereof having been assigned, granted or transferred in any way to any other person, firm, or entity.

15.2    **Voluntary Agreement**. This Settlement Agreement is executed by the Parties voluntarily and each of the Parties warrants that it or she has executed this Settlement Agreement without being under duress or undue influence from any source.

15.3    **Binding Effect**. This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

15.4    **Parties Represented by Counsel**. The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

15.5    **Authorization**. Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity or otherwise, of or against any of the Released Claims, and, further, Plaintiff warrants she is fully entitled and duly authorized to release the Released Claims.

15.6    **Amendment**. The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

15.7    **Entire Agreement**. This Agreement contains the entire understanding between LoanCare and Plaintiff on behalf of herself and the Settlement Class, regarding the Settlement of the Action, and this Settlement Agreement supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendants and Plaintiff, including through their respective counsel, in connection with the settlement of the Action.

15.8    **No Admission**. Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, including court orders (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, certifiability of a class, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil or administrative proceeding before any court, administrative agency or other

tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Persons may file this Agreement and/or the Final Approval Order and Judgment in any action that may be brought against such Party or Released Persons in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.9    **Headings.** The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

15.10   **Exhibits.** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

15.11   **Construction and Interpretation.** This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

15.12   **Governing Law.** This Settlement Agreement is entered into in accordance with the laws of the State of Texas and shall be governed by and interpreted in accordance with the laws of the State of Texas, without regard to its conflict of law principles.

15.13   **Further Assurances.** Each Party shall do any and all acts or things reasonably necessary to carry out the express intent of this Settlement Agreement.

15.14   **Continuing Jurisdiction.** The Parties to this Settlement Agreement stipulate that

Docusign Envelope ID: F1FBE05D-3CAB-4D13-B26F-B3D131CC52F0

the Court shall retain jurisdiction over the Action after the entry of the Final Approval Order and Judgment to oversee the implementation and enforcement of this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order and Judgment, and the determination of Class Counsel's request for attorneys' fees and litigation expenses, as well as a Service Award, and any award thereon.

15.15  **Notices.** Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing. Postal mailing will be provided as well, addressed as follows:

To Class Counsel:

Randall K. Pulliam
CARNEY BATES & PULLIAM, PLLC
One Allied Dr., Ste. 1400
Little Rock, AR 72202

James L. Kauffman
BAILEY GLASSER LLP
1055 Thomas Jefferson Street NW
Washington, D.C. 20007

To LoanCare's Counsel:

Erica L. Calderas
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, OH 44114

15.16 **Costs.** Except as otherwise provided herein, each Party shall bear its own costs.

15.17 **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies and .pdf of executed copies of this Settlement

Agreement may be treated as originals.

15.18 **Confidentiality of Litigation Materials.**  All agreements made and orders entered during the course of the Action relating to the confidentiality of information will survive this Agreement.

15.19 **Preservation of Privilege.**  Nothing contained in this Agreement or any Order of this Court, and no act required to be performed pursuant to this Agreement or any Order of this Court, is intended to constitute, cause or effect any waiver, in whole or in part, of any attorney client privilege, work product protection, or common interest or joint defense privilege, and each Settlement Class Member agrees not to make or cause to be made in any form any assertion to the contrary.

15.20 **Finality.**  The Settlement Agreement shall not be subject to collateral attack by any person after the Judgment is entered.

IN WITNESS WHEREOF, each of the signatories has read and understood this Settlement Agreement, has executed it, and represents that he or she is authorized to execute this Settlement Agreement on behalf of the Party he or she represents, who or which has agreed to be bound by its terms and has entered into this Settlement Agreement.

One of Plaintiffs' Attorneys, on behalf of
Themselves and the proposed Settlement
Class

LoanCare, LLC

By: _____
     Plaintiff Ursula Nichole Williams

By: _____
     EVP/ Loancare General Counsel

Date: _____

Date: ___7/17/2025_____

By: _____
     James L. Kauffman
     BAILEY GLASSER LLP
     1055 Thomas Jefferson Street NW
     Washington, D.C. 20007

By: _____
     Erica L. Calderas
     HAHN LOESER & PARKS LLP
     200 Public Square, Suite 2800
     Cleveland, OH 44114

_____
     Randall K. Pulliam
     CARNEY BATES & PULLIAM, PLLC
     One Allied Dr., Ste. 1400
     Little Rock, AR 72202

One of Plaintiffs' Attorneys, on behalf of
Themselves and the proposed Settlement
Class

LoanCare, LLC

By: _____
Ursula Nichole Williams (Jul 15, 2025 14:01 EDT)

Plaintiff Ursula Nichole Williams

Date: Jul 15, 2025
_____

By: _____

Date: _____

By: _____
James Kauffman

James L. Kauffman
BAILEY GLASSER LLP
1055 Thomas Jefferson Street NW
Washington, D.C. 20007

By: _____

Erica L. Calderas
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, OH 44114

_Randall K. Pulliam_
Randall K. Pulliam (Jul 15, 2025 13:23 CDT)

Randall K. Pulliam
CARNEY BATES & PULLIAM, PLLC
One Allied Dr., Ste. 1400
Little Rock, AR 72202

Docusign Envelope ID: E1FBE0DD-3CAB-4D13-B26E-B3D131CC52F0

# EXHIBIT A

**TO:**

**FROM:**

**RE:**       Legal Notice of Class Action Settlement

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Williams v. Lakeview Loan Servicing, et al., Case No. 4:20-cv-01900*

**(United States District Court for the Southern District of Texas)**

**Our Records Indicate You May Be Entitled to a Payment From a Class Action Settlement Because You Paid LoanCare, LLC a Fee to Make a Mortgage Payment Online or by Phone on or Before March 30, 2022**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendants, Lakeview Loan Servicing, LLC and LoanCare, LLC ("Defendants"), violated the Texas Debt Collection Act ("TDCA") by charging borrowers, with mortgaged property in the State of Texas, fees for optional payment services for making loan payments by telephone through a live operator, by telephone through a voice recognition unit telephone system ("VRU"), or by the internet. Defendants deny that they violated any law, but they have agreed to settle the action to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Settlement Class Member. Settlement Class Members include members of the following two classes (collectively referred to as a single "Settlement Class"):

(1) LoanCare Class: all persons in the United States (1) with an FHA-insured mortgage executed on or after March 1, 1990, securing a property located in the State of Texas, (2) serviced or subserviced by LoanCare LLC and (3) who paid one or more Pay-to-Pay fees to LoanCare during the applicable statute of limitations period of May 29, 2018 through March 30, 2022.

(2) Lakeview Class: all persons in the United States (1) with an FHA-insured mortgage executed on or after March 1, 1990, securing a property located in the State of Texas, (2) originated or serviced by Lakeview Loan Servicing LLC, and (3) subserviced by LoanCare LLC, and (4) who paid one or more Pay-to-Pay fees to LoanCare during the applicable statute of limitations period of May 29, 2018 through March 30, 2022.

**What Can I Get?** If approved by the Court, LoanCare will create a Settlement Fund of **$2,300,000** for the benefit of the Settlement Class. The Settlement Fund will be distributed to Settlement Class Members based on a proportional share basis based on the total amount of fees paid by each Settlement Class Member in connection with their Class Loan, as compared to the total aggregate amount available for payment to Settlement Class Members, after deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration.

**How Do I Get a Payment?** You do not need to take any action to share in the relief offered by the

If you do not want emails about this matter, please unsubscribe [_____].

Settlement. If the Settlement is approved by the Court, Individual Allocations to Settlement Class Members will be automatically distributed by check to the mailing address of record for that Class Loan as determined from LoanCare's records. As a member of the Settlement Class, you will be bound by all of the Court's orders and judgments, and your claims against Defendants relating to issues in this case will be released.

**May I Ask to Be Excluded from the Settlement?**  No. You may not exclude yourself from the Settlement Class. The Parties undertook an extensive notice program in connection with class certification and provided members of the certified Classes with an opportunity to request exclusion from the Classes at that time. Accordingly, the time in which to request exclusion has passed and there will be no additional opportunity to request exclusion.

**What are My Other Options?** You may object to the proposed Settlement, and you and/or your lawyer have the right to appear before the Court. Your written objection must be filed no later than [**objection deadline**]. Specific instructions about how to object to the Settlement are available at www._____.com.

**Who Represents Me?** The Court has appointed Randall K. Pulliam of Carney Bates & Pulliam, PLLC and James L. Kauffman of Bailey & Glasser LLP to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at __.m. on [date] in Courtroom 9F at the Bob Casey United States Courthouse, 515 Rusk Street, Houston, Texas 77002. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Classes; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

**How Do I Get More Information?** This notice contains only a summary of the Settlement and the proceedings to date. Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the office of the Clerk of the Court for the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002, between 8:00 a.m. and 5:00 p.m. Monday through Friday, excluding Court holidays. Additional information is also available at the website maintained for this Action, www._____.com, or by contacting the Settlement Administrator at XXX-XXX-XXXX or Class Counsel at XXX-XXX-XXXX.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL TO ASK QUESTIONS ABOUT THIS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE ACTION.**

If you do not want emails about this matter, please unsubscribe [_____].

Docusign Envelope ID: F1FBE0DD-3CAB-4D13-B26F-B3D131CC52F0

# EXHIBIT B

Docusign Envelope ID: F1FBE0DD-3CAB-4D13-B26F-B3D131CC52F0

*Servicing, et al.*

c/o ILYM

[insert address]

<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

---

# COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

*Williams, et al. v. Lakeview Loan Servicing, et al.,*

*Case No. 4:20-cv-01900*

Opt-Out Deadline:

_____, 20___

This Notice is to inform you of the pendency of the Class Action and to advise you of your rights as a potential class member. The Court's order, including the full definition of the Settlement Classes, can be viewed at www.XXXXXX.com.

Docusign Envelope ID: F1FBE0DD-3CAB-4D13-B26F-B3D131CC52F0

**What Does the Settlement Provide?** Subject to court approval, the settlement in *Williams v. Lakeview Loan Servicing, et al.*, (the "Class Action") resolves all claims brought against Lakeview Loan Servicing, LLC and LoanCare, LLC ("Defendants") for allegedly charging borrowers, with mortgaged property in the State of Texas, fees for optional payment services for making loan payments by telephone through a live operator, by telephone through a voice recognition unit ("VRU"), or by the internet. Defendants deny the allegations and have nevertheless agreed settle the Class Action to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy.

**What are My Options?** As a Settlement Class Member, you have two choices.

1) **If you wish to receive money from the Settlement, you do not need to do anything.** Upon final approval of the Settlement, you will automatically receive a check payment. For more information, or to update your address, visit the website below. You will also be bound by any judgment approving or disapproving the Settlement. 2) **You can object to the Settlement if you do not like any part of it.** To do so, you must file and serve a written objection by <mark>[date]</mark>. Visit the website below for more information.

**May I Seek to Be Excluded from the Settlement Class?** No. The Parties undertook an extensive notice program in connection with class certification and the time in which to request exclusion has passed. There will be no additional opportunity to request exclusion.

**Who Represents Me?** The Court has appointed lawyers from Carney, Bates, & Pulliam, PLLC and Bailey & Glasser LLP to serve as Class Counsel. You do not have to pay Class Counsel to participate. Instead, they will ask the Court for an award of fees and litigation expenses from the Settlement Fund. You may hire your own lawyer, at your own expense, to appear in Court for you, but you do not have to.

**How Do I Get More Information?** For more information, you may go to www.XXXXXXX.com, or you may contact the Administrator at 1-XXX-XXX-XXXX or Class Counsel at www.cbplaw.com.

Docusign Envelope ID: E1FBE0BD-3CAB-4D13-B26E-B3D131CC52F0

# EXHIBIT C

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**
*Williams v. Lakeview Loan Servicing, et al., Case No. 4:20-cv-01900*

# Our Records Indicate You May Be Entitled to a Payment From a Class Action Settlement Because You Paid LoanCare, LLC a Fee to Make a Mortgage Payment Online or by Phone on or Before March 30, 2022

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit claiming that Defendants, Lakeview Loan Servicing, LLC and LoanCare, LLC ("Defendants"), violated the Texas Debt Collection Act ("TDCA") by charging borrowers, with mortgaged property in the State of Texas, fees for making loan payments by telephone through a live operator, by telephone through a voice recognition unit telephone system ("VRU"), or by the internet. Defendants deny that they violated any law, but they have agreed to settle the action to avoid the uncertainties and expenses associated with continuing the case.

- You are included in the Settlement Classes if you meet the criteria specified in Question 5 below.

- If the Settlement is approved by the Court, LoanCare will create a Settlement Fund of **$2,300,000** for the benefit of the Settlement Classes. The Settlement Fund will be distributed to Settlement Class Members based on a proportional share basis based on the total amount of fees paid by each Settlement Class Member to LoanCare on their Class Loan, as compared to the total aggregate amount available for payment to Settlement Class Members, after deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration.

- Read this Notice carefully. It explains your rights and options—**and the deadlines to exercise them**. Your legal rights are affected whether you act, or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you wish to receive an allocation from the Settlement Fund , you are not required to do anything at this time. As a member of the Settlement Classes, you will be eligible to receive an allocation from the Settlement Fund, and you will give up your rights to sue Defendants in the future regarding the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING ON [DATE]** | Ask to speak in Court about your objection to the Settlement. |

## BASIC INFORMATION

**1. Why was this Notice issued?**

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about your options before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Judge Charles Eskridge is overseeing this case. The case is called *Williams v. Lakeview Loan Servicing, et al.,* Case No. 4:20-cv-01900. The person who has sued, Ursula Nichole Williams, is called the Plaintiff. The entities being sued, Lakeview Loan Servicing, LLC and LoanCare, LLC, are called the Defendants.

### 2. What is a class action?

In a class action, one or more people called the class representatives (in this case, Plaintiff Ursula Nichole Williams) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members.

### 3. What is this lawsuit about?

This lawsuit claims that Defendants violated the Texas Debt Collection Act ("TDCA") by charging borrowers, with mortgaged property in the State of Texas, fees for making loan payments by telephone through a live operator, by telephone through a voice recognition unit telephone system ("VRU"), or by the internet. Defendants deny that they violated any law.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or Defendants should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am a member of the Settlement Classes?

Settlement Class Members include members of the following two certified classes (collectively referred to as the "Settlement Class"):

LoanCare Class: all persons in the United States (1) with an FHA-insured mortgage executed on or after March 1, 1990, securing a property located in the State of Texas, (2) serviced or subserviced by LoanCare LLC and (3) who paid one or more Pay-to-Pay fees to LoanCare during the applicable statute of limitations period of May 29, 2018 through March 30, 2022.

Lakeview Class: all persons in the United States (1) with an FHA-insured mortgage executed on or after March 1, 1990, securing a property located in the State of Texas, (2) originated or serviced by Lakeview Loan Servicing LLC, and (3) subserviced by LoanCare LLC, and (4) who paid one or more Pay-to-Pay fees to LoanCare during the applicable statute of limitations period of May 29, 2018 through March 30, 2022.

## SETTLEMENT BENEFITS

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXx.COM

### 6. What does the Settlement provide?

***Monetary Relief***: LoanCare will pay $2,300,000 into a Settlement Fund for the benefit of the Settlement Class.

### 7. How much will my payment be?

The Settlement Fund will be distributed to Settlement Class Members based on a proportional share basis based on the total amount of fees paid by each Settlement Class Member on their Class Loan, as compared to the total aggregate amount available for payment to Settlement Class Members, after deducting any Court-approved attorneys' fees and expenses, service award for the class representative, and costs of settlement administration. Payments to Settlement Class Members will come by check.

### 8. When will I get my payment?

The Court will hold a hearing to consider the fairness of the Settlement on [Final Approval Hearing Date]. If the Court approves the Settlement, Settlement Class Members will receive their payment within 60 days after the Settlement has been finally approved and/or any appeals process is complete.

## REMAINING IN THE SETTLEMENT CLASS

### 9. May I Seek to Be Excluded from the Settlement Class?

No. You may not exclude yourself from the Settlement Class. The Parties undertook an extensive notice program in connection with class certification and provided members of the certified Classes with an opportunity to request exclusion from the Classes at that time. Accordingly, the time in which to request exclusion has passed and there will be no additional opportunity to request exclusion.

### 10. What am I giving up as a member of the Settlement Class?

If the Settlement becomes final, you will give up (or "release") your rights to sue Defendants and their affiliates (Released Persons) regarding the Released Claims, which are described and defined in the Settlement Agreement. You may access the Settlement Agreement through the "court documents" link on the website.

The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you may speak to the lawyers listed in Question 10 for free or you may, of course, speak to your own lawyer.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXX.COM

The Court has appointed Randall K. Pulliam of Carney Bates & Pulliam, PLLC and James L. Kauffman of Bailey & Glasser LLP to be the attorneys representing the Settlement Class. They are called "Class Counsel." After conducting an extensive investigation, they believe that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged out-of-pocket for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek up to one-third of the $2.3 million Settlement Fund, but the Court may award less than this amount.

Class Counsel may also seek a Service Award of up to $10,000 for the Class Representative for her service in helping to bring and settle the case. Any court-awarded Service Award will be paid out of the Settlement Fund, but the Court may award less than this amount.

### 13. If the Settlement is approved, can I sue the Defendants for the same thing later?

No. The time for requesting to be excluded from the certified Classes has passed. Accordingly, if the Settlement is approved, you give up any right to sue Defendants for the Released Claims being resolved by this Settlement.

## OBJECTING TO THE SETTLEMENT

### 14. How do I object to the Settlement?

If you're a Settlement Class Member, you may tell the Court why you don't like the Settlement by filing an objection. You may object to any aspect of the Settlement, Class Counsel's request for attorneys' fees and expenses, or the request for a Service Award. You can give reasons why you think the Court should not give its approval. The Court will consider your views.

If you choose to make an objection, you must mail or file with the Court a letter or brief stating that you object to the Settlement. Your letter or brief must include the name and number of this case, *Williams v. Lakeview Loan Servicing, et al.,* Case No. 4:20-cv-01900, as well as the following information:

a. Your full name and mailing address;

b. An explanation of any and all your reasons for your objections, including citations to legal authority and supporting evidence, and attaching any materials you rely on for your objections;

c. The name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection;

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXx.com

d. A statement indicating whether you or your attorney intends to appear at the Final Approval Hearing;

e. Your handwritten or electronically imaged written signature; and

f. If you or any of the Objecting lawyers have objected to any class action settlement where you or the Objecting lawyer asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then you must include a statement identifying each such case by full case caption and amount of payment received.

You must mail or deliver your written objection, postmarked no later than **[objection/exclusion deadline]** to:

[TBD]

You must also mail or otherwise deliver a copy of your written objection to Class Counsel and Defendants' counsel at the following addresses:

| Class Counsel | Defendants' Counsel |
|---|---|
| Randy Pulliam<br>Carney Bates & Pulliam, PLLC<br>One Allied Dr., Ste. 1400<br>Little Rock, AR 72202<br>Email: rpulliam@cbplaw.com | Erica Calderas<br>Hahn Loeser & Parks LLP<br>200 Public Square, Suite 2800<br>Cleveland, OH 44114<br>Email: elc@hahnlaw.com |

## THE COURT'S FINAL APPROVAL HEARING

### 15. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **[time]** on **[date]** in Courtroom 9F at the Bob Casey United States Courthouse, 515 Rusk Street, Houston, Texas 77002. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Classes; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a Service Award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [Settlement Website] or call [class counsel contact]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 16. Do I have to attend the hearing?

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.XXXXXXXXXXXXXXXx.COM

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to attend the hearing to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also retain your own lawyer (at your own expense) to attend, but it's not required.

| **17. May I speak at the hearing?** |
|---|

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that you or your attorney intends to appear at the Final Approval Hearing.

| **GETTING MORE INFORMATION** |
|---|

| **18. Where do I get more information?** |
|---|

This Notice contains only a summary of the Settlement and the proceedings to date. More details are in the Settlement Agreement. Complete copies of the Settlement Agreement, public pleadings, Court rulings, and other filings are available for review and copying at the office of the Clerk of the Court for the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002, between 8:00 a.m. and 5:00 p.m. Monday through Friday, excluding Court holidays. Additional information is also available at the website maintained for this Action, www._____.com, or by contacting the Settlement Administrator at XXX-XXX-XXXX or Class Counsel at XXX-XXX-XXXX.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL TO ASK QUESTIONS ABOUT THIS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE ACTION.**

Docusign Envelope ID: E1FBE0DD-3CAB-4D12-B26F-B3D131CC52F0

# EXHIBIT D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **URSULA NICHOLE WILLIAMS,** | § | |
| on behalf of herself and all others | § | |
| similarly situated, | § | **Case No.: 4:20-CV-1900** |
| | § | |
| **Plaintiff,** | § | **JUDGE CHARLES ESKRIDGE** |
| | § | |
| **v.** | § | |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC** | § | |
| and **LOANCARE, LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion attaches and incorporates a Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a classwide basis, against Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC ("Defendants," and, along with Plaintiff, the "Parties").

Having carefully considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, and the Court determining that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), that it will likely be able to maintain the Certified Classes (defined herein) as a single Settlement Class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3), and that the proposed plan of notice (the "Notice Program") to the

1

Settlement Class is the best notice practicable under the circumstances and consistent with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2), and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this action based upon the Settlement,

IT IS HEREBY ORDERED as follows:

1.      Plaintiff's motion for preliminary approval of the Settlement is **GRANTED**.

2.      Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

3.      **Partial Stay of this Action**.  All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

4.      **Jurisdiction**.  The Court finds that it has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d)(2)(A), including jurisdiction to approve and enforce the Settlement and all orders and decrees that have been entered or which may be entered pursuant thereto. The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed Settlement, over each of the members of the Settlement Class as defined below (*see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)), and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

5.      **Maintaining Certification of the Certified Classes as a Single Settlement Class**. This Court has previously certified the following classes in this action (the, "Certified Classes"):

> LoanCare Class: all persons in the United States (1) with an FHA-insured mortgage executed on or after March 1, 1990, securing a property located in the State of Texas, (2) serviced or subserviced by LoanCare LLC and (3) who paid one or more Pay-to-Pay fees to LoanCare during the applicable statute of limitations period of May 29, 2018 through March 30, 2022.

2

> Lakeview Class: all persons in the United States (1) with an FHA-insured mortgage executed on or after March 1, 1990, securing a property located in the State of Texas, (2) originated or serviced by Lakeview Loan Servicing LLC, and (3) subserviced by LoanCare LLC, and (4) who paid one or more Pay-to-Pay fees to LoanCare during the applicable statute of limitations period of May 29, 2018 through March 30, 2022.

(*See* ECF Dkt. No. 91). LoanCare has represented to Plaintiff and this Court that the "LoanCare Class" includes all persons that would be members of the "Lakeview Class" such that the Certified Classes may be treated as a single class for settlement purposes. For purposes of settlement only, the Court finds that it will likely be able to maintain certification of the Settlement Class under Federal Rules of Civil Procedure 23(a) and (b)(3), as the class prerequisites thereunder have already been found to have been met, including:

      a.    The Settlement Class is ascertainable. The definitions of the Settlement Class is based on objective criteria, all of which are determinable from LoanCare's business records. *See* ECF No. 86 at pp. 6-9.

      b.    The Settlement Class satisfies the numerosity requirement of Rule 23(a)(1).

      c.    The commonality requirement of Rule 23(a)(2) is also satisfied for purposes of settlement. Commonality is met when the claims of all class members "depend upon a common contention," with "even a single common question" sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 359 (2011) (citation omitted). Here, there are issues raised in this Action that are common to each Settlement Class Member, including, among other things: (1) whether the Pay-to-Pay fees charged by Defendants are expressly authorized by the uniform contract provision, and (2) whether Defendants' Pay-to-Pay fees are otherwise legally chargeable under the Texas Debt Collection Act ("TDCA") by, for example, the "point-of-sale" contracts made during each transaction. *See id*. at pp. 10-11.

      d.    The Settlement Class also satisfies the typicality requirement of Rule

23(a)(3). Here, Plaintiff's TDCA claim and the claims of the Settlement Class Members "are based on the same allegedly unlawful practice of collecting [P]ay-to-[P]ay fees for FHA-insured mortgages with materially indistinguishable fee provisions. They are based on the same legal theories and substantially the same facts and, therefore, have the same essential characteristics necessary to establish typicality." *See id*. at pp. 12-13.

    e.  Plaintiff and Class Counsel have fairly and adequately protected the interests of the Settlement Class Members under Rule 23(a)(4). Plaintiff has been actively involved in the Action, hired experienced counsel, and maintained regular communication with Class Counsel during the litigation and Settlement proceedings. The Court is aware of no antagonistic interest that exists between Plaintiff and members of the Settlement Class. The Court is also satisfied that Class Counsel have the qualifications and experience necessary to adequately represent the Settlement Class. They are experienced and competent litigators and have been appointed class counsel in numerous class actions nationwide, including actions challenging loan servicing fees. *See id*. at pp. 13-16.

    f.  In addition to meeting all four of Rule 23(a)'s prerequisites for certification, a proposed class of claims seeking monetary relief also must satisfy Rule 23(b)(3)'s additional requirements—predominance and superiority. As detailed below, this Court has previously determined that both the predominance and superiority requirements of Rule 23(b)(3) are satisfied.

    i.  To satisfy the predominance requirement of Rule 23(b)(3), a plaintiff must show that "questions of law or fact common to class members predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3). Here, as detailed above, the elements of the Settlement Class Members' TDCA claims present common factual and legal questions, including but not limited to (1) whether the fees charged by LoanCare are expressly

authorized by the uniform contract provision, and (2) whether LoanCare's fees are otherwise legally chargeable under the Texas Debt Collection Act ("TDCA") by, for example, the "point-of-sale" contracts made during each transaction. As such, common issues of law and fact predominate over any individualized issues. *See id*. at pp. 16-19.

ii.    To satisfy the superiority requirement of Rule 23(b)(3), a plaintiff must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Here, a class action achieves the economies of time, and because the class has already been certified and Plaintiff seeks to maintain class certification for settlement purposes, the Court need not inquire into whether this Action, if tried, would present intractable management problems. *See id*. at pp. 19-21; *see also Amchem Prods., Inc.*, 521 U.S. at 620; *Carriuolo*, 823 F.3d at 988; *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012) ("[M]anageability concerns do not stand in the way of certifying a settlement class.").

6.    Accordingly, for purposes of considering, approving, and effectuating the Settlement and to fairly and adequately protect the interests of all concerned with regard to all claims set forth in the Operative Complaint, the Court finds that the Certified Classes shall remain certified and be administered as a single certified Settlement Class.

7.    **Appointment of Class Representative and Class Counsel**.  Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff Ursula Nichole Williams shall remain as the appointed Class Representative and the following shall remain as the appointed Class Counsel: Randall K. Pulliam of Carney Bates & Pulliam, PLLC and James L. Kauffman of Bailey & Glasser LLP. The Court finds that the above attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff will adequately protect the interests of the

Settlement Class.

8.      **Preliminary Settlement Approval**.  The Court finds that, subject to the Fairness

Hearing, the Court will likely be able to approve the Settlement as fair, reasonable, adequate, and

in the best interests of the Settlement Class. The Court further finds that the Settlement

substantially fulfills the purposes and objectives of the class action and provides beneficial relief

to the Settlement Class, especially considering the risks and delay of continued litigation. The

Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations

involving experienced counsel, with the assistance of mediator Mr. Paul D. Clote; (b) falls within

the range of potential recovery in successful litigation of the TDCA claims asserted in this Action;

(c) is sufficient to warrant notice of the Settlement and the Fairness Hearing to the Settlement

Class; (d) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23

and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (e) is not a finding or

admission of liability by Defendants.

9.      **No Additional Agreements Required to Be Identified**:  The Court has confirmed

that there are no agreements required to be identified under Rule 23(e)(3).

10.     **Fairness Hearing**.  A Fairness Hearing shall be held before this Court on

_____, 20__, beginning at __:__ _.m., in Courtroom 9F at the Bob Casey United States

Courthouse, 515 Rusk Street, Houston, Texas 77002, a date which is no earlier than one hundred

and thirty-five (135) days after the date of entry of the Preliminary Approval Order. The Fairness

Hearing shall be held to determine, among other things, whether (a) the Court has personal

jurisdiction over the Parties and Settlement Class Members and subject matter jurisdiction to

approve the Settlement; (b) the Settlement is fair, reasonable, and adequate such that the Settlement

should be granted final approval by the Court; (c) the certification of the Settlement Class should

be maintained for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (d) the Class Notice implemented pursuant to the Agreement (i) constituted the best practicable notice under the circumstances; (ii) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to the Agreement and proposed Settlement; and to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court; (e) Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Agreement; (f) to incorporate the Settlement's Release provisions in the Agreement, make the Release effective as of the Final Settlement Date, and forever discharge the Released Persons as set forth in the Agreement; (g) to determine whether the requested Attorneys' Fees and Expenses should be awarded by the Court to Class Counsel, and in what amount, pursuant to Federal Rule of Civil Procedure 23(h); (h) whether a Service Award should be awarded to the Plaintiff, and in what amount; and (i) whether a Final Order and Judgment should be entered, and this Action thereby dismissed with prejudice, pursuant to the terms of the Agreement. The Court may adjourn or reschedule the Fairness Hearing without further notice to the Settlement Class Members.

11. **Further Submissions by the Parties**. Any application by Class Counsel for Attorneys' Fees and Expenses and for a Service Award to the Plaintiff shall be filed with the Court no later than fourteen (14) days before the Objection Deadline. The Settlement Administrator shall promptly post any such application to the Settlement Website after its filing with the Court. All other submissions of the Parties in support of the proposed Settlement, or in response to any objections submitted by Settlement Class Members, shall be filed no later than ten (10) days before

the Fairness Hearing.

12.    **Notice and Administration**. The Court authorizes and directs the Parties to establish the means necessary to administer the proposed Settlement, and implement the class notification process in accordance with the terms of the Settlement. The Parties are hereby authorized to retain ILYM Group, Inc. to serve as the Settlement Administrator to aid in implementing the terms of the Settlement.

a.    The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement ("Notice Program"). The Court finds that the Notice Program is reasonably calculated to apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement, and the right to object to the Settlement. The Court finds that the Notice Program constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members. The Court further finds that the Notice Program constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of due process. Accordingly, the Court finds that no notice other than that specifically identified in the Settlement is necessary in this Action.

b.    The Court hereby approves the Notice Program and the form, content, and requirements of the E-mail Notice attached as Exhibit A to the Settlement Agreement, the Postcard Notice attached as Exhibit B to the Settlement Agreement, and the Long-Form Notice attached as Exhibit C to the Settlement Agreement. The Parties, by agreement, may revise the Notices in ways that are not material, or in ways that are appropriate to update those documents for purposes of

accuracy or formatting, consistent with this Order.

        c.    The Settlement Administrator shall cause the Notice Program to be executed within thirty (30) days following the entry of this Order (the "Notice Date"). Class Counsel, prior to the Fairness Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Program. The Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement as provided for in the Agreement.

13.    **Cost Obligations for the Notice Program**. All Settlement Administration Expenses, including those previously associated with providing notice to the Certified Classes and those providing notice of the Settlement to the Settlement Class, shall be paid from the Settlement Fund as set forth in the Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, all Settlement Administration Expenses shall be borne by Class Counsel.

14.    **Communications with Settlement Class Members**. The Court authorizes Defendants to communicate with Settlement Class Members, and to otherwise engage in any other communications within the normal course of Defendants' business. However, Defendants are ordered to refer any inquiries by Settlement Class Members or potential Settlement Class Members about the Settlement to the Settlement Administrator or Class Counsel.

15.    **Preliminary Injunction.** To protect the Court's jurisdiction and ability to determine whether the Settlement should be finally approved, pending such decision all Settlement Class Members are hereby preliminarily enjoined (i) from directly or indirectly filing, commencing, participating in, or prosecuting (as class members or otherwise) any lawsuit in any jurisdiction asserting on their own behalf claims that would be Released Claims if this Settlement

is finally approved; and (ii) Settlement Class Members are further preliminarily enjoined from directly or indirectly filing, prosecuting, commencing, or receiving proceeds from (as class members or otherwise) any separate purported class action asserting, on behalf of any Settlement Class Members, any claims that would be Released Claims if this Settlement receives final approval and becomes effective.

16. **No Second Opportunity to Request Exclusion From the Certified Classes**. The Parties undertook an extensive notice program in connection with class certification and provided members of the Certified Classes ample opportunity request exclusion from the Classes at that time. The class notice informed the members of the Certified Classes that "[i]f you elect to stay in the Classes, and the Plaintiff obtains money or benefits as a result of the trial or a settlement, you will be notified about how to get a share". *See* ECF Dkt. No. 96-1. No one requested exclusion from the Certified Classes. In light of the extensive notice program undertaken in connection with class certification, the ample opportunity provided to Settlement Class Members to request exclusion from the Certified Classes at that time, and the prior notice provided to the Settlement Class Members, the Court is exercising its discretion not to allow a second opportunity for Settlement Class Members to exclude themselves from the Class in connection with the Settlement proceedings. *See, e.g.*, *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018); *Denney v. Deutsch Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006); *In re Luckin Coffee Inc. Securities Litigation*, 2021 WL 11114633, *4 (S.D.N.Y. Oct. 26, 2021).)

17. **Objections and Appearances**. Any Settlement Class Member (or counsel hired at any Settlement Class Member's own expense) who complies with the requirements of this paragraph and the procedures specified in the Class Notices, may object to any aspect or effect of the proposed Settlement.

10

a.    Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to maintaining certification of the Settlement Class, or to the award of Attorneys' Fees and Expenses, or to the Service Award, or to any other aspect or effect of the Settlement, or to the Court's jurisdiction, must file a written statement of objection with the Court no later than the Objection Deadline.

b.    An objection must be in writing, and must include: (1) the name of the Action "*Williams v. Lakeview Loan Servicing, LLC*, United States District Court for the Southern District of Texas Case No.: 4:20-CV-1900", (2) the objector's name and address; (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (6) a statement indicating whether the objector intends to appear at the Fairness Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (7) the objector's handwritten or electronically imaged written signature.

c.    Any Settlement Class Member who fails to comply strictly with the provisions in this Preliminary Approval Order for the submission of written statements of objection shall waive any and all objections to the Settlement, its terms, or the procedurals for its approval and shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and will be deemed to have consented to the exercise of personal jurisdiction by the Court, consented to the Settlement, consented to be part of the Settlement Class, and consented to be bound by all the terms of the Settlement, this Preliminary Approval Order, and by all proceedings,

11

orders, and judgments that have been entered or may be entered in the Action, including, but not limited to, the Release described in the Settlement. However, any Settlement Class Member who submits a timely and valid written statement of objection shall, unless he or she is subsequently excluded from the Settlement Class by order of the Court, remain a Settlement Class Member and be entitled to all of the benefits, obligations, and terms of the Settlement in the event the Settlement is given final approval and the Final Settlement Date is reached.

18.    **Termination of Settlement**.  This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties or Settlement Class Members, all of whom shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement: (a) is not finally approved by the Court, (b) does not become final pursuant to the terms of the Settlement; (c) is terminated in accordance with the Settlement; or (d) does not become effective for any other reason.

19.    **Use of this Preliminary Approval Order**.  In the event the Settlement does not reach the Final Settlement Date or is terminated in accordance with the terms of the Settlement, then: (a) the Settlement and the Agreement, and the Court's Orders, including this Preliminary Approval Order, relating to the Settlement shall be vacated and shall be null and void, shall have no further force or effect with respect to with respect to any Party in this Action, and shall not be used or referred to in any other proceeding by any person for any purpose whatsoever; (b) this Action will revert to the status that existed before the Settlement's execution date; (c) this Action shall proceed pursuant to further orders of this Court; and (d) nothing contained in the Settlement, or in the Parties' settlement discussions, negotiations, or submissions (including any declaration or brief filed in support of the preliminary or final approval of the Settlement), or in this Preliminary Approval Order, shall be construed or used as an admission, concession, or declaration

by or against any Party of any fault, wrongdoing, breach or liability in this Action or in any other lawsuit or proceeding, or be admissible into evidence for any purpose in the Action or any other proceeding by any person for any purpose whatsoever. This paragraph shall survive termination of the Settlement and shall remain applicable to the Parties and the Settlement Class Members.

20.    **Continuing Jurisdiction**. This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the Settlement or this Preliminary Approval Order, and to assure the effectuation of the Settlement for the benefit of the Settlement Class.

**IT IS SO ORDERED** this _____ day of _____, 20__.

_____
**CHARLES ESKRIDGE**
**United States District Judge**