United States District Court
Southern District of Texas
**ENTERED**
January 07, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| URSULA N. WILLIAMS, ON BEHALF OF | § | |
| HERSELF AND ALL OTHERS SIMILARLY | § | |
| SITUATED, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-1900 |
| | § | |
| LAKEVIEW LOAD SERVICING, LLC AND | § | |
| LOANCARE, LLC, | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This class action lawsuit regarding mortgage loan fees is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Entry of Final Order and Judgment (ECF 175) and Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Award, and Incorporated Memorandum of Law (ECF 172).[1]  The Court heard oral argument on the record in open court on January 6, 2025.  Having considered the parties' submissions, arguments of counsel at the hearing, and the law, the Court RECOMMENDS that Plaintiffs' Motions be GRANTED.

---

[1] The District Judge referred the case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  ECF 92.

## I.      Background

Lead Plaintiff Ursula Nichole Williams filed a Class Action Complaint against Lakeview Loan Servicing, LLC and LoanCare, LLC on May 29, 2020.  ECF 1.  On March 30, 2022, the District Judge adopted the Magistrate Judge's Recommendations and certified two classes — the Lakeview Class and the LoanCare Class.  ECF 91.  On September 26, 2023, the District Judge adopted the Magistrate Judge's Recommendations and denied Defendants' Motion for Summary Judgment and granted Plaintiffs' Motion for Summary Judgment.  ECF 130.  On June 17, 2025, the parties notified the Court that they had engaged in mediation with Paul D. Clote and reached a full settlement.  ECF 165.

The Court granted preliminary approval to the proposed Settlement Agreement on August 13, 2025, and set a Final Approval Hearing for January 6, 2025.  ECF 171.  Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Award, and Incorporated Memorandum of Law was filed on November 18, 2025.  ECF 172.  Plaintiffs filed Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Entry of Final Order and Judgment on December 19, 2025.  ECF 175.  No member of the Plaintiff Class and no Defendant objects to any aspect of the Class Action Settlement Agreement or Plaintiffs' Motion for Fees and Expenses.  The Court conducted a Final Approval hearing on the record on January 6, 2025.

## II.    Legal Standards

Federal Rule of Civil Procedure 23(e) requires judicial approval for the settlement of class action claims.  *See* FED. R. CIV. P. 23(e).  A court should approve a class action settlement if the court finds it "fair, reasonable, and adequate."  *Id.* at 23(e)(2). The Fifth Circuit has recognized a strong public policy in favor of settlement of class action lawsuits. *See In re Deepwater Horizon*, 739 F.3d 790, 807 (5th Cir. 2014) (noting the "overriding public interest in favor of settlement" in class action cases).  Under Rule 23(e)(2), in determining whether a settlement is "fair, reasonable, and adequate," the Court considers whether: (A) the class representatives and counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and(D) the proposal treats class members equitably relative to each other. FED. R. CIV. P. 23(e)(2); *see also Al's Pals Pet Care v. Woodforest Nat'l Bank, NA*, No. 4:17-CV-3852, 2019 WL 387409, at *3 (S.D. Tex. Jan. 30, 2019).  Courts in this Circuit also consider what are known as the *Reed* factors:  (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely

duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible discovery; and (6) the opinions of class counsel, class representatives, and absent class members. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *Union Asset Mgmt. Holdings A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n.11 (5th Cir. 2012) (same). "A proposed settlement need not obtain the largest conceivable recovery for the class to be worthy of approval; it must simply be fair and adequate considering all the relevant circumstances."

## III.    Findings and Conclusions

Upon review of the Settlement Agreement and arguments of counsel at the Final Approval Hearing, and finding good cause, the Court RECOMMENDS that the District Judge enter an Order and Final Judgment incorporating the following findings of fact and conclusion of law:[2]

1. Unless otherwise defined herein, capitalized terms and phrases in this Memorandum and Recommendation shall have the same meaning as ascribed to them in the Settlement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the Settlement Class Members.

---

[2]  All findings are deemed conclusions and vice versa.

4

## CERTIFICATION OF THE SETTLEMENT CLASS

3. The Court previously certified the Settlement Class for settlement purposes in its Preliminary Approval Order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the Settlement Class for settlement purposes based on its findings in the Preliminary Approval Order.

5. The Court confirms the appointment of Ursula Nichole Williams as Settlement Class Representative for the Settlement Class.

6. The Court confirms the appointment of Randall K. Pulliam of Carney Bates & Pulliam, PLLC, James L. Kauffman of Bailey & Glasser LLP as Class Counsel.

7. The Court finds that Plaintiff and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

## FINAL APPROVAL OF THE SETTLEMENT
## AND NOTICE PROGRAM

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby finally approves and confirms the Settlement embodied in the Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The

Court has specifically considered all factors relevant to class settlement approval, including the factors set forth in Rule 23(e)(2) and *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

9. More specifically, the Court finds that the Settlement is fair, reasonable, and adequate because it was reached through vigorous, arm's-length negotiations that were overseen by a neutral mediator and only after experienced counsel had thoroughly evaluated the merits of Plaintiff's claims and Defendant's defenses through factual and legal investigation and hard-fought litigation.

10. All the Rule 23(e) and *Reed* factors weigh in favor of final approval. Specifically, the Court finds the Settlement is adequate given: (1) the adequacy of representation and the benefits achieved; (2) the complexity, expense and likely duration of continued litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability, damages, and maintaining the class action; (5) the probability of Plaintiff's success on the merits in light of all attendant risks of litigation; (6) the Settlement treats Class Members equitably relative to each other; (7) the Settlement is the result of informed, arm's length negotiations with no indicia of collusion; and

(8) the Settlement enjoys the support of the Settlement Class, Class Counsel and the Settlement Class Representative.

11. The Court finds that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23, due process, and the rules of this Court, and constitutes the best notice practicable under the circumstances and shall constitute due, adequate, and sufficient notice to all persons entitled to receive notice, *i.e.,* the Settlement Class, of (a) the nature of the case; (b) the terms of the Settlement, including the definition of the Settlement Class; (c) the procedure for objecting to the Settlement; (d) the time and manner for objecting to the Settlement; (e) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (f) important dates in the settlement approval process, including the deadlines to object and the date of the Final Approval Hearing; (g) Class Counsel's request for an award of attorneys' fees, litigation expenses, and a Service Award; and (h) the binding effect of a class judgment on Settlement Class Members. The Court finds that the Class Notices implemented constitute notice that is reasonably calculated,

under the circumstances, to apprise the Settlement Class of the pendency of the Action, their rights to object themselves from the Agreement and proposed Settlement, and to appear at the Fairness Hearing. The Court finds that, in light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Settlement Class Members to request exclusion from the Classes at that time, no second opportunity is required for Settlement Class Members to exclude themselves from the Settlement Class in connection with the Settlement proceedings.

12. The Court finds that Defendant provided proper and timely notice of the Settlement Agreement to the appropriate federal and state officials, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715 and that the Court reviewed the substance of the notices and finds that they complied with the applicable CAFA requirements.

13. The Court also finds that the Settlement Class Members' reaction to the Settlement was positive. Not one Settlement Class Member objected to the Settlement and no valid requests for exclusions from the Classes have been submitted by Settlement Class Members.

14. The Court hereby reaffirms its appointment of the Settlement Administrator to perform the functions and duties of notice and

settlement administration as set forth in the Settlement Agreement and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

15. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

16. The Parties, without further approval from the Court, are hereby authorized to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the SettlementAgreement) so long as they are consistent in all material respects with this Order and Final Judgment and do not materially limit, or materially and adversely affect, the rights or obligations of Settlement Class Members under the Settlement Agreement.

17. Without affecting the finality of this Order and Final Judgment for purposes of appeal, the Court shall retain exclusive, continuing jurisdiction over all matters relating to the Settlement or the administration, consummation, enforcement and interpretation of the

Settlement and this Order and Final Judgment, the validation of the Settlement, the construction and enforcement of the Settlement and any orders entered pursuant thereto, all other matters pertaining to the Settlement or its implementation and enforcement, and for any other necessary purpose.

18. In the event that this Order and Final Judgment is reversed on appeal or otherwise does not become final, (i) this Order and Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to the Defendant, less settlement administrative expenses actually incurred and paid, the amounts for which would be reimbursed to Defendant by Plaintiff such that Defendant would receive back the total amount of the Settlement Fund, and (iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

19. Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an

admission of, or evidence of, the truth of any allegation or of any liability or the validity of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order and Final Judgment.

## ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARD

20. Pursuant to Federal Rule of Civil Procedure 23(h), Plaintiff's Motion for Attorneys' Fees seeking an award of fees in the amount of $766,666.00 is granted because the amount is fair and reasonable and consistent with fee awards in the Fifth Circuit and beyond.

21. The requested attorneys' fee, at one-third of the cash benefits, is supported by this Court's consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), including: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by attorneys because they accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See id*. at 717-19.

22. The Court approves costs of $32,222.10 incurred by Class Counsel in the prosecution and settlement of this Action. The costs sought are fair and reasonable under Rule 23 and applicable caselaw.

23. The Court finds the service award requested is reasonable based on Plaintiff's active involvement in this Action and warranted under applicable law. The Court hereby approves a service award to Plaintiff in the amount of $10,000.

24. In sum, the attorneys' fees, litigation expenses, and service award sought in Plaintiff's Motion for Attorneys' Fees, Litigation Expenses, and Service Award are approved and shall be paid in the manner specified in the Settlement Agreement.

## DISMISSAL AND FINAL JUDGMENT

25. Final judgment of dismissal on the merits and with prejudice of the Action (including all individual claims and class action claims presented thereby against both Defendants LoanCare, LLC and

Lakeview Loan Servicing, LLC) is hereby entered, with each party to bear its own costs.

26. This Order and Final Judgment hereby incorporates the Release set forth in Section 3 of the Settlement Agreement, makes the Release effective as of the Final Settlement Date, and forever discharges the Released Persons as set forth in the Settlement Agreement.

27. Upon the Effective Date and by operation of this Order and Final Judgment, the Settlement Class Members who did not timely exclude themselves from this Action shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever waived, released, relinquished, remised, acquitted, and discharged all Released Claims against the Released Persons, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from commencing, instituting, prosecuting, or knowingly participating (as a class member or otherwise) in any lawsuit, action, claims, causes of action, or other proceeding in any jurisdiction (other

than participation in the Settlement) against any Released Person based on the Released Claims.

28. Upon the Effective Date and by operation of this Order and Final Judgment, the Settlement Agreement shall be binding on and shall have *res judicata* and collateral estoppel effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and the Settlement Class Members.

29. This Court hereby directs entry of this Order and Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file in this matter.

## IV. Conclusion and Recommendation

Having found that the Settlement Agreement, including the agreement as to Attorneys' Fees, Litigation Expenses, and Service Award, are fair, adequate, and reasonable and in the best interests of the Settlement Class, the Court RECOMMENDS that the proposed Order and Final Judgment, as set out above, be adopted and entered by the District Judge.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written

objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 07, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge